PAUL ZIEKY *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF BLOOMFIELD

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued November 8—decided December 17, 1963

*George Schwolsky,* with whom was *Morris J. Cutler,* for the appellant (defendant).

*Benjamin A. Markman,* with whom was *James T. Canivan,* for the appellee (plaintiff).

ALCORN, J. The plaintiff owns a tract of land containing about eight acres bordering on Blue Hills Avenue in Bloomfield. The property is in what is designated by the Bloomfield zoning regulations as an R-15 zone. The permitted uses in such a zone include single-family dwellings, agricultural uses, golf courses and country clubs not operated for profit, churches, schools, colleges, libraries, professional offices or studios located in the user's dwelling, the limited furnishing of rooms or board, home occupations employing not over two nonresident employees, hospitals, nursing homes and charitable and philanthropic institutions other than correctional institutions and asylums for the insane. Bloomfield Zoning Regs. art. 2, §§ 1-5 (Rev. 1962). The zoning and planning commission is empowered to authorize the construction of garden apartments, as a special exception, in an R-15 zone, after a public hearing and subject to specific requirements. General Statutes § 8-2; Bloomfield Zoning Regs. art. 4, § 10 (Rev. 1962).

At the hearing before the defendant, the plaintiff offered evidence that he proposed to erect eight two-story buildings of colonial design which would occupy about 7 percent of the land area and would

contain seventy-eight dwelling units. A parking area for vehicles would be provided for each dwelling unit, existing sanitary sewers were stated to be adequate, and storm waters would be drained into a brook at the rear of the property. Access from the main highway to the buildings would be provided by an interior road or drive. The estimated traffic expected to be generated by the project would not cause a hazard or be detrimental to public safety. The proposed use would not depreciate the value of neighboring properties but would tend to increase their value. The land is in an area recommended for garden apartments in a planning study prepared for the defendant. No evidence was offered in opposition to the plaintiff's application. After a wait of three months following the hearing, the defendant rejected the plaintiff's application. The defendant gave no reasons for its action.

We have adhered to the proposition that, subject to certain underlying principles, the solution of zoning questions is to be left to the local authority, and that the courts cannot substitute their judgment for the liberal discretion enjoyed by zoning authorities. *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160. That discretion is not, however, unlimited but must be exercised on reasonable grounds. Although there is no statutory requirement that a zoning commission state the reasons for its denial of an application; General Statutes § 8-3; the present case furnishes an example of the result which can follow when it fails to do so. In situations in which the zoning commission does state the reasons for its action, the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commis-

sion is required to apply under the zoning regulations. *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886. Where, as in the present case, however, the commission assigns no reason for its action, the court is left to surmise and conjecture as to what the reasons may be, unless the record discloses a reasonable basis for the action taken. There is then cast on the court the burden, made necessary by the commission's omission, of searching the record to discover sufficient reason to support the decision under review. A search of the record before the defendant fails to show how the plaintiff can be said to have failed to comply with the zoning regulations. The facts of the case do not call for a detailed discussion of the various elements involved. The record before us is one in which the plaintiff appears to have proposed a plan consonant with the zoning regulations and with the overall plan for the town, no opposition to the plan was voiced, and the defendant, for no reason apparent from the record or identified by it, denied the application. Under these circumstances, the trial court was correct in sustaining the appeal.

There is no error.

In this opinion the other judges concurred.