KOSTAS ANASTASIOU ET AL. *v.* ZONING COMMISSION
OF THE TOWN OF OLD LYME
(3260)

HULL, DALY and BIELUCH, Js.

Argued November 13, 1985—decision released February 18, 1986

---

*John G. Ellsworth,* with whom, on the brief, was *Elting H. Smith,* for the appellant (defendant).

*C. George Kanabis,* with whom, on the brief, were *Melvin Scott* and *Rebecca Golub,* for the appellees (plaintiffs).

DALY, J. The defendant zoning commission of the town of Old Lyme has appealed from the judgment sustaining the plaintiffs' appeal from the decision of the commission denying the plaintiffs' application for a special exception to sell beer and wine on their premises.[1]

The facts are not in dispute. The plaintiffs, Kostas Anastasiou and Dimitrious Anastasiou, are the owners of a restaurant, known as Old Lyme Pizza Palace, located at 264 Shore Road (Route 156) in the town of Old Lyme. The building that houses the restaurant is a nonconforming structure set back from the street about twenty feet instead of the thirty feet prescribed for the town's C-10 commercial district. The restaurant is located less than 1500 feet from the Branmore Hotel (the Branmore), the holder of a hotel liquor permit for the sale of alcoholic beverages.

Under our Liquor Control Act, General Statutes § 30-1 through 30-113, permits for the sale of liquor are ordinarily issued for one year periods; General Statutes § 30-14 (a); upon payment of an annual fee; § 30-41. Under a statutory option, however, a permit-

---

[1] The appeals of the denials by the defendant zoning commission of the plaintiffs' requests for a special exception to sell beer and wine throughout the year, and for a variance of the 1500 foot restriction between October 22 and April 22 were dismissed by the trial court and are not involved in this appeal.

tee may fractionalize his annual permit "for a continuous period of not more than six consecutive calendar months, at two-thirds of said regular fees." General Statutes § 30-41 (b). Under the authority of General Statutes § 30-39 (c), "[s]ix months' or seasonal permits may be renewed, provided the renewal application and fee shall be filed at least twenty-one days before the reopening of the business, there is no change in the permittee, ownership or type of permit, and the permittee or backer did not receive a rebate of the permit fee with respect to the permit issued for the previous year." Authorized by these provisions of the liquor laws, the Branmore renewed its hotel liquor permit annually for the warm summer season, April 22 through October 21.

Unable to obtain a regular or annual permit because of the proximity of their business to the Branmore under the restrictions of the local zoning ordinances, the plaintiffs applied to the defendant for the following: (1) a special exception to sell beer and wine at their premises throughout the year; (2) a variance of a restriction on the sale of liquor within 1500 feet of other premises selling liquor, for the period from October 22 to April 21 of each year; and (3) a special exception to sell beer and wine at their premises beyond the summer season for a six month period from October 22 to April 21 of each year. We are concerned in this appeal with the plaintiffs' second request for a special exception made pursuant to article III, § H.2, of the local zoning laws.

On February 14, 1983, the defendant denied the plaintiffs' second application for a special exception because the Branmore's six month liquor permit is extendable by law at its option to a year without zoning action. Approval of the plaintiffs' application, according to the defendant, would authorize another liquor establishment within 1500 feet of it. The application was also denied because the plaintiffs' business

was located in a nonconforming structure and use of the premises for the sale of liquor would be a violation of the zoning regulations. From the denial by the defendant, the plaintiffs' appeal to the Superior Court was sustained. The defendant now appeals that decision and claims (1) that the provisions of article III, § H.5.3,[2] of the zoning regulations, imposing a 1500 foot liquor outlet density restriction, prohibit the granting of a special exception under § H.2[3] to the plaintiffs for the sale of beer and wine at their restaurant between October 22 and April 21 of the following year, and (2) that since the nonconformity of the plaintiffs' premises is structural, the plaintiffs should have been denied a special exception. We agree with the defendant and find error on the first claim. We will not, therefore, consider the defendant's second claim.

The trial court found, contrary to the defendant's ruling, that the Branmore would be unable to extend its liquor permit beyond October if the defendant approved the second request for the special exception. The court held that "[u]nder Section H.5.7[4] . . . the Branmore

[2] Article III, § H.5.3, of the Old Lyme zoning regulations provides: "No establishment where alcoholic liquor is sold for consumption on the premises may be located within 1,500 feet of any other establishment where alcoholic beverages are sold for consumption on the premises."

[3] Article III, § H.2, "Special Exception," of the Old Lyme zoning regulations provides: "No premises shall be used to sell liquor unless and until approval for such sale shall be granted by the Zoning Commission of Old Lyme as a special exception and subject to such conditions as said Commission may establish, giving consideration to the effect of the proposed use on present and future residential, commercial, or waterfront uses in the vicinity, to objectionable noises, to manner and schedule of liquor service, to architectural features including signs, to the proposed·site planning and landscaping, to the provisions for off-street parking, to the conditions affecting traffic safety and to the conditions cited in the following paragraphs within this section."

[4] Article III, § H.5.7, of the Old Lyme zoning regulations provides: "Termination of privilege of liquor use of premises: If any building or premises has ceased to be used for the sale of alcoholic liquor such premises shall not again be used for the sale of alcoholic liquor under any permits until

could only continue its original special exception if it operated under a permit of the 'same class and type as that last issued.' Any attempt by the Branmore to extend the period of liquor sales would require commission approval through a new special exception." The court concluded that "[t]herefore, the plaintiffs' second request [for a special exception] does not violate § H.5.3" and should have been granted.

The defendant argues that it would be unable to halt the year round sale of liquor by the Branmore if that establishment chose to extend its operations and acquire such a permit from the department of liquor control. Specifically, the defendant claims error in the trial court's finding that the Branmore would have to obtain a special exception to extend its liquor permit beyond its current six month operation. It is undisputed that the hotel has a liquor permit which is good for one year.[5] It has been operating for many years under a six month or seasonal limitation of its permit pursuant to General Statutes § 30-41 (b) which provides in pertinent part: "Any of said permits . . . may be granted for a continuous period of not more than six consecutive calendar months, at two-thirds of said regular fees . . . . " Pursuant to General Statutes § 30-39 (c), the Branmore could renew its six month permit for an additional period of six months without having to seek a special exception from the defendant. If the Branmore now chose to apply to the department of liquor control to renew its permit beyond October 21 for an additional period of six months, and if that application were

a special exception has been obtained in accordance with Section H.2 unless within 365 days it shall again be occupied and actually used for a period of four consecutive weeks for the sale of alcoholic liquor under a permit issued by said Liquor Control Commission of the same class and type as that last issued by it with reference to said premises and permitted by these regulations."

[5] General Statutes § 30-14 (a) provides in part: "A permit shall be a purely personal privilege, good for one year after issuance . . . ."

granted, then the Branmore and the plaintiffs' restaurant both would be dispensing alcohol within 1500 feet of each other, a violation of article III, § H.5.3, of the zoning regulations, made possible by the trial court's decision. Such a contradictory conclusion resulting from the court's judgment cannot be supported. Even if the Branmore closed its doors indefinitely and thereby terminated its operation, it could reopen and have its liquor use of the building reinstated under article III, § H.5.7, of the zoning regulations without obtaining a special exception if the time constraints contained therein were met.

Courts cannot substitute their judgments for the wide and liberal discretion vested in local zoning authorities acting within the bounds of their legislative powers. *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 266, 455 A.2d 339 (1983). As long as an honest judgment has been reasonably and fairly exercised by a zoning commission after full hearing, courts should be cautious about disturbing the commission's decision. *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 49, 484 A.2d 483 (1984). Only where a local zoning board acts arbitrarily, illegally or in abuse of discretion may the courts grant relief on appeal. *Burnham* v. *Planning & Zoning Commission,* supra, 266; *Cameo Parks Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 677, 192 A.2d 886 (1963). A reviewing court may only consider the reasons given by the zoning authority to determine whether the record and the application of the zoning regulations support those reasons. *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 25–26, 376 A.2d 385 (1977); *Torsiello* v. *Zoning Board of Appeals,* supra, 50.

The record in this case supports the commission's reasons for denying the plaintiffs' application on the basis of the 1500 foot density violation of article III, § H.5.3, of the zoning regulations. It is therefore unnecessary

to consider the second reason for the denial based on the nonconforming building violation. The commission's action must be upheld if even one of the stated reasons is sufficient to support that action. *Goldberg* v. *Zoning Commission,* supra, 26; *Torsiello* v. *Zoning Board of Appeals,* supra. The trial court was in error in concluding that the defendant acted improperly.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.

In this opinion the other judges concurred.