ROGER S. MANCHESTER ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF WESTON ET AL.
(6861)

SPALLONE, DALY and O'CONNELL, Js.

Argued January 19—decision released April 4, 1989

*Harry H. Hefferan,* with whom, on the brief, was
*Benjamin Gershberg,* for the appellants (plaintiffs).

*Walter A. Flynn, Jr.,* for the appellee (named
defendant).

*Melvin J. Silverman,* for the appellee (defendant Gerald Lieberman).

DALY, J. This is an appeal from the judgment of the
trial court dismissing the plaintiffs' appeal to it from
the decision of the named defendant that revoked a

building permit issued to them by the zoning enforcement officer for the town of Weston. Upon our granting of certification, the plaintiffs appealed to this court. The essential claim of the plaintiffs on appeal is that the trial court erred by exceeding the proper scope of judicial review.[1] We find no error.

Certain facts are not in dispute. The plaintiffs are the owners of a triangular parcel of land comprising .6 of an acre located on the east side of Good Hill Road in Weston. The plaintiffs also own a four acre tract of land on the west side of Good Hill Road, opposite from the triangular parcel.

In 1950, Weston adopted one acre residential zoning and, in 1953, adopted two acre residential zoning. The triangular parcel is located in a residential district. The plaintiffs applied for a building permit for the triangular parcel in May, 1985. That permit was issued by the town zoning enforcement officer in July, 1986, on the basis of his finding that the parcel had been separately owned since the time zoning was adopted in Weston and thus was a nonconforming lot pursuant to the regulations. In making his ruling, the zoning enforcement officer relied on § 311.5 of the Weston zoning regulations, as amended in 1970, which provides: "New Buildings on Existing Lots: A permit shall be issued for a permitted use on a lot which does not meet the minimum area or dimension requirements of these Regulations, provided such lot existed in separate

---

[1] The plaintiffs also claim that the decision of the defendant board effects an unconstitutional taking of their property without just compensation. Although the plaintiffs raised that issue before the trial court, the court did not address it in its memorandum. Because the plaintiffs failed to seek, under Practice Book § 4051, to have the court further articulate its decision, the record furnishes no basis to conclude that the trial court erred. *Dixon* v. *Trubisz*, 17 Conn. App. 216, 218, 551 A.2d 1259 (1988). It is the appellant's responsibility to furnish this court with an adequate record for review. Practice Book § 4061; *Arrieu* v. *Litchfield*, 17 Conn. App. 320, 325, 552 A.2d 445 (1989).

ownership as of the effective date of these Regulations, or of any pertinent amendment thereof, and was so recorded on the Assessor's Records or the Land Records of the Town; provided that the lot met the zoning requirements at the time the deed to the lot was recorded; provided that the owner of such lot did not and does not own other land contiguous thereto or directly across a road therefrom at the time of the adoption of these Regulations or subsequent thereto (if this is the case, such other land or so much thereof as may be necessary, shall be combined with the first named lot in such manner as to produce one or more conforming lots); and, further provided that all setback and other requirements are complied with, insofar as possible, at the time of obtaining the zoning permit." The ruling of the zoning enforcement officer was appealed by the plaintiffs' neighbors and the board held a hearing in September, 1986. The board reversed the zoning enforcement officer's ruling without explanation. The plaintiffs then appealed that decision to the Superior Court, pursuant to General Statutes § 8-8.

The issue before the trial court was whether the triangular parcel was recorded as a separately owned lot either in 1950 or at the time of the 1970 amendments to the zoning regulations. Because the defendant board failed to state the reasons for its finding, the trial court was required to search the record in order to discover a sufficient reason to support the board's decision. See *Zieky* v. *Town Planning & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758 (1963). After a review of the record, the trial court found the following reasons to support the board's decision: (1) the parcel did not appear on the town land records as a separate lot until 1972; (2) the board heard the expert opinion of an attorney, who had searched the town land records, that the lot did not exist in separate ownership in 1950; and (3) the triangular parcel was part of the four acre

tract on the westerly side of Good Hill Road until 1968.[2] The court dismissed the plaintiffs' appeal and this appeal ensued.

The procedural course of a zoning appeal bears repetition at this juncture. "When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied. *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* 167 Conn. 182, 185, 355 A.2d 91 (1974). It has no discretion to deny the special exception if the regulations and statutes are satisfied. *Westport* v. *Norwalk,* 167 Conn. 151, 155, 355 A.2d 25 (1974)." *Daughters of St. Paul, Inc.* v. *Zoning Board of Appeals,* 17 Conn. App. 53, 56, 549 A.2d 1076 (1988).

The trial court, upon appeal, " ' "reviews the record before the board to determine whether it acted fairly or with proper motives or upon valid reasons . . . ." ' " *A.P. & W. Holding Corporation* v. *Planning & Zoning Board,* supra, 186–87. "As long as an honest judgment has been reasonably and fairly exercised by a zoning commission after full hearing, courts should be cautious about disturbing the commission's decision. *Torsiello* v. *Zoning Board of Appeals,* 3 Conn. App. 47, 49, 484 A.2d 483 (1984)." *Anastasiou* v. *Zoning Commission,* 6 Conn. App. 278, 283, 505 A.2d 8 (1986).

The question to be resolved by this court is whether the trial court correctly decided that the action of the board was not arbitrary, illegal or in abuse of discretion. Id. Generally, "[a] reviewing court may only consider the reasons given by the zoning authority to

---

[2] In 1968, an action to quiet title to the four acre tract was commenced.

determine whether the record and the application of the zoning regulations support those reasons." Id. Absent any stated findings by the zoning commission, however, this court may consult the trial court's memorandum of decision to ascertain the conclusions upon which the court based its judgment. *Smith* v. *Zoning Board of Appeals,* 174 Conn. 323, 325, 387 A.2d 542 (1978). Finally, the burden is on the appellants to establish that the board has not acted fairly, with proper motives and for valid reasons. *Bora* v. *Zoning Board of Appeals,* 161 Conn. 297, 299, 288 A.2d 89 (1971); *Thorne* v. *Zoning Board of Appeals,* 156 Conn. 619, 621, 238 A.2d 400 (1968).

The record in this case supports the trial court's upholding the decision of the defendant. Our review of the record indicates that the triangular parcel was not recorded on the Weston land records as a separate lot until 1972, which means it did not meet the express requirements of § 311.5 of the Weston zoning regulations for exceptions to the minimum lot size. It is therefore unnecessary to consider the other reasons given by the trial court in support of the board's decision, as the action of the zoning body must be sustained if even one of the stated reasons is sufficient to support that action. See *Anastasiou* v. *Zoning Commission,* supra, 284. We conclude that the trial court correctly decided that the defendant board did not act arbitrarily, illegally or in abuse of its discretion.

There is no error.

In this opinion the other judges concurred.