[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Hyland Development Corporation ("Hyland") is a Connecticut corporation with its principal place of business at 300 Bic Drive, Milford, Connecticut. Hyland was and continues to be the owner of a parcel of land containing 18.6 acres, more or less, situated on Old Foxon Road in East Haven, Connecticut. On January 28, 1987, the defendant, Planning and Zoning Commission of the Town of East Haven ("Commission") approved the plaintiff's application for a zone change, a Special Exception and a proposed Site Plan so as to permit construction of a 134 unit residential condominium project and sometimes known as Dwyer Farm. In May of 1988 the Commission approved a site plan for the project.
On November 1, 1989 Hyland submitted what it has described as an application for approval of a modification of the previously approved special exception and site plan so as to permit a 156 unit residential condominium project on the subject premises. No filing fee was submitted with the application, apparently based upon a belief that no public hearing would be required and that the matter could be handled administratively. The Commission determined that a public hearing was required and held such a hearing on December 6, 1989. At a meeting held by I the Commission on December 27, 1989, the application was considered by the Commission and denied. The Commission gave no CT Page 4103 reasons for the denial.
In this appeal Hyland claims that its appeal should be sustained because the record is clear that the proposed special exception and site plan, which was a modification of the previously approved special exception and site plan, complied in all respects with all zoning and statutory requirements pertaining to special exceptions and site plans and for the further reason that the Commission failed to state the reasons for the denial, contrary to both the general statutes and the town of East Haven zoning regulations.
Both parties have expended considerable efforts in briefing and arguing their respective claims as to whether Hyland was required to pay a filing fee with its application and whether a public hearing was necessary. Neither issue is relevant in the consideration of this appeal. The Commission held a public hearing without requiring that a fee be paid and Hyland participated in the public hearing without any objection. At the public hearing, the failure to pay any filing fee and the need to hold a public hearing was not mentioned by anyone.
Taking up the first claim by Hyland that the appeal should be sustained because of the failure of the Commission to state any reasons for the denial of the application, the law is clear that while it is desirable that a commission state its reasons for whatever finding it makes, the failure to do so does not necessarily invalidate the action of the commission. When no reasons are given by the agency, as occurred in this case, the court is required to review the record in order to determine whether or not there is a sufficient reason to support the Commission's decision. See Zieky v. Town Planning Zoning Commission, 151 Conn. 265, 268, 196 A.2d 758 (1963); Manchester v. Zoning Board of Appeals, 18 Conn. App. 69, 71 (1989).
The Commission in this case was considering a request for a special exception and site plan approval. The distinction between a commission dealing with a request for a zone change and, as in the case at bar, in dealing with a request for a special exception and site plan approval is clear. In the former situation the commission acts in a legislative capacity whereas in the latter case it acts in an administrative capacity.
 "The procedural course of a zoning appeal bears repetition at this juncture. `When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, CT Page 4104 and whether the standards set forth in the regulations and statutes are satisfied. A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 185, 355 A.2d 91
(1974). It has no discretion to deny the special exception if the regulations and statutes are satisfied. Westport v. Norwalk, 167 Conn. 151, 155, 355 A.2d 25 (1974).' Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56, 549 A.2d 1076 (1988)." Manchester v. Zoning Board of Appeals, supra, 72.
 "When a municipal planning commission considers the approval or disapproval of a subdivision plan, it is acting in an administrative capacity rather than in a legislative capacity. Reed v. Planning 
Zoning Commission, 208 Conn. 431, 433, 544 A.2d 1213 (1988). `The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance.' Id." Sowin Associates v. Planning Zoning Commission, 23 Conn. App. 370, 374 (1990).
It is the claim of the Commission that it had a valid basis for denying the request of Hyland based on the evidence at the public hearing dealing with such issues as water run off, traffic, increased density and the ability of the public schools to handle the increased density.
An examination of the transcript of the public hearing does not disclose evidence which was sufficient to justify the action by the Commission. The Commission had previously approved a special exception and site plan and the proposal that was before the Commission in this case varied only slightly from that earlier plan. A few questions from members of the public appeared to have been answered to the satisfaction of the questioners. A letter from the Superintendent of Schools which raised concerns about the total number of bedrooms in both Hyland's project and a project known as "Grannis Lakes" and the impact of those additional bedrooms on the school system could hardly be a basis for rejecting a special exception and site plan which was reducing the number of bedrooms from the number allowed in the approvals granted in May of 1988. The evidence before the Commission indicated less density than that which would have existed under the previously approved project. The evidence on any increase in traffic showed only a minimal increase which CT Page 4105 would not be sufficient to justify rejecting the proposal.
At the public hearing the following representation was made by counsel for the plaintiff: "With the new application, we've met three times with the staff members, the Planner Mr. Dodes, the engineer, Mr. Farina and the new plan has also been reviewed by the Fire Marshall and the Zoning Enforcement Officer." (Exhibit 16, page 4). Whereas the attorney did not state that none of those staff members had any objection to the plan, the implication that they did not is clear, particularly when it is noted that three of that staff were present at the public hearing, took no issue with the foregoing statement, and other than one question by Mr. Dodes dealing with the income needs of one applying for a mortgage, none of the staff asked a single question or made any statement indicating any objection to or questions about the merits of the matter before the defendant.
This court has carefully reviewed the entire record to see whether it contains anything which would afford a basis for the denial by the commission and has concluded that it does not. The proposed special exception and site plan satisfied all of the applicable statutes and regulations and the Commission did not have any basis on which to deny the request.
The appeal is sustained and this case is remanded to the Commission which is directed to grant the request of Hyland for the special exception and site plan approval.
William L. Hadden, Jr., Judge