[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal wherein Jacqueline M. Whiting, Cynthia A. Ryan, and Michael R. Caporale, Jr. (Plaintiffs) are appealing a decision of the defendant North Branford Planning and Zoning Commission (Commission) denying the application of Whiting and Ryan for a special use permit to operate a day nursery and day care center on property in North Branford owned by Caporale.
The application for the special use permit, submitted pursuant to 42 of the Town of North Branford Zoning Regulations, was filed on or about April 21, 1990. The property where the center was to be located was in an R-40 residential zone. A nursery and day care center is permitted in such a zone subject to the obtaining of a special use permit from the Commission.
The required public hearing was held by the Commission on May 3, 1990, and on June 7, 1990 the Commission, in a 3-2 vote, denied the application. The Commission did not state any reason for its decision. This appeal by the plaintiffs followed the adverse decision by the Commission.
It is the claim of the plaintiffs that the decision of the Commission was illegal, arbitrary and an abuse of its discretion for the following reasons: the regulations permit day care centers in a residential zone if the requirements of the regulations are met, and since all of the regulations were met, the application should have been approved; a majority of the members of the Commission indicated during the discussion on June 7, 1990 that they were in favor of approving the application; the record demonstrates a bias on the part of the Commission against day care centers in a residential zone; the Commission failed to state upon its record any reason for the denial of the application as required by Connecticut General Statutes 8-3c(b); and the decision of the Commission was arbitrary, illegal and unreasonable as a matter of law.
Aggrievement is a prerequisite to the subject matter CT Page 3049 jurisdiction of the court and is a question of fact to be decided by the court. Fletcher v. Planning and Zoning Commission of Town of Greenwich, 158 Conn. 149 (1969). The plaintiffs must establish that they have a specific, personal and legal interest in the subject matter of the Commission's decision. Goldfeld v. Planning and Zoning Commission of Town of Greenwich, 3 Conn. App. 172 (1985).
At the hearing held by the court the three plaintiffs testified on the issue of aggrievement. The plaintiffs Whiting and Ryan intend to operate the day care center and have an oral agreement with the owner of the property, the plaintiff Caporale, whereby they will purchase the property from the owner if the necessary zoning approvals are obtained. The three plaintiffs have all shared in the considerable expense involved in processing the application. All three plaintiffs believe that they have a valid buy and sell agreement subject to the zoning contingency. The court finds that all three plaintiffs are aggrieved by the Commission's decision and therefore are entitled to bring this appeal.
At the court hearing held on December 27, 1990, the court granted the plaintiffs' motion for additional evidence and accepted as evidence in this appeal the verbatim transcript of the proceedings of the Commission at its meeting held on June 7, 1990. The court also granted the motion of the plaintiffs filed on October 17, 1990 to correct the return of record, previously filed by the Commission on August 10, 1990, by deleting from the return of record two letters received by the Planning and Zoning Department and listed in the return of record as items 13 and 14.
In considering an application for a special permit the law is clear that the Commission is acting in an administrative capacity.
 "The procedural course of a zoning appeal bears repetition at this juncture. `When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standards set forth in the regulations and statutes are satisfied. A.P W. Holding Corporation v. Planning 
Zoning Board, 167 Conn. 182, 185, 355 A.2d 91 (1974). It has no discretion to deny the special exception of the regulations and statutes are satisfied. Westport v. CT Page 3050 Norwalk, 167 Conn. 151, 155, 355 A.2d 25
(1974).' Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56, 549 A.2d 1076 (1988)." Manchester v. Zoning Board of Appeals, 18 Conn. App. 69, 72.
The role of the court in an appeal from the decision of a zoning board when that board is acting in an administrative capacity is limited.
 "Review of decision rendered by local zoning authorities acting within their administrative capacity is limited to a determination, on the record, as to whether the zoning board acted illegally, arbitrarily or in abuse of the discretion vested in it. (citations omitted)." Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 444, 418 A.2d 82, 85 (1979).
Taking up first the claim by the plaintiffs that a majority of the members of the Commission indicated during the discussion by the Commission on June 7, 1990 that they were in favor of granting the application. The court has reviewed the verbatim transcript of that meeting, (Exhibit A), and while there are various thoughts, ideas and comments made by various members of the Commission, it is quite clear that the motion made to approve the application with a limit of forty children was denied on a three to two vote. Much of the discussion relied on by the plaintiffs in support of this claim is no more than what might be characterized as vague suggestions on how to proceed or various members more or less, thinking out loud. However, it is obvious from Exhibit A that all members were aware of and agreed that the final decision of the Commission was a denial of the application. It is the actual vote of the Commission which establishes what the Commission decided and not the discussion leading up to the vote.
As far as the claim that the Commission has a bias against day care centers is concerned the court does not believe that the record supports such a claim. The statements made by members of the Commission in Exhibit A to the effect that the plaintiffs had no "right" to a special use permit clearly refer to the fact that the Commission has to use its discretion in deciding whether the statutes and regulations have been complied with. This claim is without merit.
The plaintiffs also claim that their appeal should be sustained because the Commission failed to state any reason for CT Page 3051 the denial as is required by the statute, Connecticut General Statutes, 8-3c(b). The law is clear that while it is desirable that a commission state its reasons for whatever finding it makes, the failure to do so does not necessarily invalidate the action of the commission. When no reasons are given by the agency, as occurred in this case, the court is required to review the record in order to determine whether or not there is a sufficient reason to support the Commission's decision. See Zieky v. Town Planning Zoning Commission, 151 Conn. 265, 268,196 A.2d 758 (1963); Manchester v. Zoning Board of Appeals,18 Conn. App. 69, 71 (1989).
The balance of the plaintiffs' claims as set forth in their brief may be stated as one claim. It is that the Commission's decision was arbitrary, illegal and unreasonable because the regulations allow day care centers in residential zones if all of the requirements of the regulations are satisfied, that the plaintiffs have satisfied all of the regulations, and therefore, the Commission was obliged as a matter of law to approve the application.
The plaintiffs recognize that they must satisfy the requirements of the regulations which apply to the issuance of special use permits. It is their claim that since all of these regulations were satisfied, that the record thus does not support the decision of the Commission. The court does not agree.
Since the Commission did not state its reason for denying the application the court has searched the record for any evidence which reasonably would support the denial. It is obvious from the record that the Commission heard substantial evidence about, and was very concerned with, the traffic problems that would be caused by or exacerbated by the proposed use. It is not necessary to set forth in detail all of this evidence or the comments of the members of the Commission relative to traffic problems and their concern with traffic.
Section 42.4.1 of the Zoning Regulations of the Town of North Branford, which is one of the regulations setting forth standards to be considered in determining whether a special use permit should be issued provides:
 "42.4.1 Streets. The streets giving access to the lot where the use is to be located shall be adequate to accommodate the vehicular and pedestrian traffic generated by the use, in addition to other usage of the street, without undue congestion or hazards."
There was considerable evidence before the Commission which would justify a conclusion that 42.4.1 dealing with traffic had not been satisfied. The plaintiffs point to the testimony of their traffic engineer in support of their claim that this regulation was satisfied. It is the function of the Commission to evaluate conflicting evidence on any issue. This court is not allowed to substitute its own judgment for that of the Commission. Housatonic Terminal Corporation v. Planning and Zoning Board, 168 Conn. 304, 306 (1975).
While it is obvious that traffic was the primary concern of the Commission, and although only one valid reason in support of the Commission's decision must be found in the record in order to uphold that decision, it is apparent that the Commission could have also concluded that the plaintiffs had failed to establish compliance with both 42.4.2 of the Zoning Regulations dealing with the use of the lot in a manner that will not impair the use, enjoyment and value of adjacent property, and 42.4.3 which is concerned with whether the proposed use will harmonize with the neighborhood.
The court finds upon a review of the record that there was ample support for the denial by the Commission, and further finds that the Commission did not act illegally, arbitrarily or in abuse of its discretion in its decision on the application.
THE COURT: WILLIAM L. HADDEN, JR., JUDGE. CT Page 3052