[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Wilton Zoning Board of Appeals reversing a cease and desist order of the Zoning Enforcement Officer who had determined that a legally non conforming use of a retail gravel operation in a residential zone had been discontinued or abandoned and therefore any resumption of such a use was illegal.
At trial only the plaintiffs Robert A. Horowitz and Nancy A. Horowitz sustained their burden of proof with respect to their standing as aggrieved persons. It is found that these plaintiffs were the owners of property abutting the premises in question at the time the Zoning Board of Appeals acted and have sustained that interest to date. General Statutes 8-8; Goldfeld v. Planning and Zoning Commission, 3 Conn. App. 172. No evidence was offered concerning the other plaintiffs and so the appeal is dismissed as to them for lack of jurisdiction.
The central issue in this case arises from the following facts. The owners of the gravel operation applied for and received a change of zoning classification from a single family residential classification to a "DRD" or Designated Residence District on December 5, 1986. Thereafter, on February 8, 1988 the owner was granted a special permit to erect twenty detached single family residences and on October 24, 1990 was given site plan approval by the Wilton Planning and Zoning Commission. The record CT Page 6088 discloses that the owners never executed the special permit by commencing construction. In fact, the special permit is subject to conditions which the owner has not yet fulfilled. Thus, at the time of the issuance of the cease and desist order the owner had not even obtained any building permits.
The Zoning Enforcement Officer apparently took the position that the change in zoning classification initiated by the owners was tantamount to a change of use, thus constituting a discontinuance or abandonment of the gravel operation.
The plaintiffs' principal claim and the only one seriously advanced at oral argument is that the owners' conduct in initiating and obtaining a change of zone, special permit and site plan reflected their intent to abandon and discontinue the gravel operation. The defendant argues that both under the abandonment amendment of 8-2 accomplished by Public Act 89-277 and the express language of 29-63 of Wilton Zoning regulations there was neither abandonment nor discontinuance.
In this appeal from the decision of the Zoning Board of Appeals reviewing a decision of a zoning enforcement officer the court must decide whether the board correctly interpreted the regulations and applied them with reasonable discretion to the facts, Spero v. Zoning Board of Appeals, 217 Conn. 435, 440. In this particular case, the Zoning Board of Appeals failed to give any reason for its decision in sustaining the applicant's appeal. If the Board fails to give reasons the court must search the record to discover a sufficient reason to support the Board's decision, Manchester v. Zoning Board of Appeals, 18 Conn. App. 69,71. A search of the record reveals that the Board concluded that there was neither discontinuance nor abandonment because there was ample evidence from the owners that once every six months they started up the stone crusher, ran it for about a week, stockpiled material and while on the premises sold material to people who came in to ask for it. One of the owners, Vincent Manzi, testified that this was done precisely to keep the gravel operation legally non conforming. The court cannot make its own determination as to questions of fact and substitute its judgment for the Board, Horne v. Zoning Board of Appeals, 18 Conn. App. 674, 677. "The temporary interruption or suspension of a non conforming use without substitution of a conforming one or such a definite and substantial departure from pre-existing conditions and uses as to signify an abandonment of the uses does not terminate the right to resume them", Point O' Woods Ass'n. Inc. v. Zoning Board of Appeals,178 Conn. 364, 369.
This case is controlled by Lehmaier v. Wadsworth, 122 Conn. 571,576, in which the Supreme Court stated that "even if the defendant had in mind the possibility of a future change in use, so CT Page 6089 long as its operation had a legitimate present purpose and utility appropriate to the existing uses there will be no such departure from the latter as to require a finding of the present change terminating his right to continue that". Thus, the actions of the owners in securing rezoning and special permits for their property evidenced a future use which these owners had in mind but does not in and by itself constitute a dedication of the property to the use contemplated by the approvals.
The Zoning Board of Appeals was at liberty to accept the testimony of the owners concerning their irregular use of the premises for a gravel operation so it cannot be said that the defendant acted illegally, arbitrarily or in abuse of its discretion. Our courts have held consistently that were there is conflicting evidence, an administrative agency acting in its quasi judicial capacity may resolve all debatable questions of fact, Westport v. Norwalk, 167 Conn. 151, 161. The credibility of witnesses is a matter within the province of the board, Huck v. Inland Wetlands and Watercourses Agency, 203 Conn. 525, 540. In the final analysis, the court cannot substitute its judgment for that of the Board as long as an honest judgment has reasonably and fairly being made after a full hearing, Stankiewicz v. Zoning Board of Appeals, 15 Conn. App. 729, 731.
For the foregoing reasons the Appeal is dismissed.
MOTTOLESE, J.