[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are appealing the action of the Wolcott Planning and Zoning Commission denying their application for a change of zone from Residential 30 to Restricted Commercial.
The plaintiffs are the owner of a 9.65 acre parcel of land which is a portion of a 22.06 acre piece of property located north of 270 Wolcott Road, Wolcott, Connecticut. The plaintiffs filed an application with the defendant Commission for a change of zone from Residential 30 to Restricted Commercial. A public hearing was held on the application on April 5, 2000. After the plaintiffs' presentation, several residents in the immediate area of the subject property spoke in opposition to the zone change. The board also received petitions in opposition to a change of zone. Most of the objections were concerned with increased traffic, environmental pollution and deflation of property values.
Wolcott had on file a plan of development at the time of the application. The subject parcel lies within what that plan referred to as an economic growth area. In addition to residential properties, the subject parcel also abutted restricted commercial and general commercial properties.
The Town's Consultant Planner, Anthony J. Pancino, submitted a memorandum dated May 2, 2000 to the defendant commission. It was his conclusion, in Paragraph 9, that the only way to protect the town and abutting homeowners from "potentially undesirable impact from the development" was to deny the application for a change in zone from R30 to RC. In Paragraph 7 of that same memorandum, Mr. Pancino stated that, "the proposed R.C. zone. . . . is not consistent with the Plan of Development Update." At its meeting on May 3, 2000, the defendant commission denied the application of the plaintiff reasoning, "having discussed the subject petition in detail, considering the public hearing testimony, and reviewing the plan of development update, and considering each of the CT Page 13615 findings noted in the consultant, town planner's memorandum of May 2, 2000, hereby agree and support said findings, and review said findings and extensive discussion . . . this commission hereby denies the subject zone change. . . ."
The plaintiffs claims that the defendant commission acted arbitrarily, capriciously and illegally in denying the zone change and that the denial constituted an abuse of its discretion. The plaintiffs claim that, at best, the defendant board was presented only with evidence of potential harm if the zone change were allowed and that, without more, this court must find its actions to have been arbitrary, capricious and unreasonable." Plaintiff claims that the defendant board had no quantifiable evidence of any harm that would result if the zone were changed. Under the provisions contained within the Comprehensive Plan of Development, page H-5, economic growth areas are recommended "to accommodate sizeable planned areas for a variety of quality, economic uses . . . automotive sales and service, strip retail and residential uses should be excluded. . . . In general, 20% to 25% building lot coverage with substantial setbacks and self-contained on-site parking and loading areas are anticipated. Reasonable building design coupled with quality site development and signage controls are necessary to produce attractive development."
Under the zoning regulations in effect when the plaintiffs applied for the zone change, permitted uses for properties in an RC zone were broader than those recommended in the Comprehensive Plan of Development.
The court should not substitute its judgment for that of the local authority. Zieky v. Town Plan Zoning Commission of Bloomfield,151 Conn. 265, 267 (1963); Hall v. Planning Zoning Board of Milford,153 Conn. 574, 577 (1966). A trial court is discouraged from overruling a decision by the local board unless a clear abuse of its discretion has been shown. Zieky, supra at 265. In the instant matter the Wolcott Zoning Board denied the plaintiff's application for a zone change, relying upon its Comprehensive Plan of Development, the recommendation of its Town Planning Consultant and the objections of its citizens in person, by letter and by petition. "In situations in which the zoning commission does state the reasons for its action [a denial of a request to change a zone], the question for the court to pass on is simply whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the consideration which the commission is required to apply. . . ." Zieky, supra at 267-268. Section 8-23 of the Connecticut General Statutes requires the local zoning authority to consider its Comprehensive Plan of Development and same was considered by the Wolcott Zoning Board.[1] That reliance was sufficient for the defendant to deny the application of the plaintiff. Furthermore, it is within the CT Page 13616 discretion of the zoning authority to determine how the public welfare of the Town would best be served. Hawkes v. Town Plan Zoning Commission,156 Conn. 207, 211 (1963). "The action of the commission should be sustained if even one of the stated reasons is sufficient to support it."Burnham v. Planning Zoning Commission of South Windsor, 159 Conn. 261,265 (1933). "The courts allow zoning authorities [wide and liberal] discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution." Burnham, supra, at 266.
This court finds that the reasons stated by the Wolcott Planning and Zoning Commission for denying the plaintiff's application for a change of zone are reasonably supported by the record and that its action of denial was not arbitrary, capricious or illegal nor did it constitute an abuse of its discretion. The plaintiffs' appeal is denied.
BY THE COURT
Howard Scheinblum, J. Judge of the Superior Court