[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Cheryl L. Pearlman, is the owner of a 4.293 acre parcel located at 74 Hattertown Road, Newtown.
The property is located in an FR-2 (two acre) zone, near the intersection of Hattertown Road and Abbots Hill Road.
On March 27, 1973, the parcel was divided off of a sixty acre parcel owned by one Jonathan Aley (ROR 46).
The parcel was conveyed by deed to James C. Appleyard and Judith P. Appleyard (ROR 52) on April 3, 1973, and recorded in Volume 238, pages 626-27 of the Newtown Land Records.
The remaining 54.146 acres of the sixty acre parcel were subdivided into sixteen lots in 1974, and the subdivision was recorded (ROR 41).
Although the 4.293 acre parcel had previously been conveyed to James and Judith Appleyard, it is shown on the subdivision map, but is not included in the land to be subdivided, or the lot area.
On December 18, 2000, the plaintiff filed a subdivision application with the defendant, Newtown Planning Zoning Commission (ROR 11), in which she sought to divide the property into two lots (ROR 50).
Both of the proposed lots meet the required lot area for an R-2 zone.
Parcel A shows over five hundred feet of frontage along Hattertown Road, while Parcel B has only fifty-four feet of frontage.
A public hearing was held on February 15, 2001 and continued until March 1, 2001 (ROR 4).
At the April 19, 2001 commission meeting, the Commission voted, 4-0, to CT Page 2053 disapprove the plaintiff's subdivision application.
The defendant Commission cited four reasons in support of its decision (ROR 6):
 (1) The Commission finds that the subject application for division constitutes a subdivision of land. The property does not meet the definition [of Resubdivision] of Section 1.09 of the Subdivision Regulations.
 (2) The property has sufficient frontage for two lots in the FR-2 zone. Sections 8.02.200 and 8.02.240 of the Zoning Regulations are not met.
 (3) The application does not meet the requirements of Section 8.02.250 which requires two lots with frontage for each rear lot.
 (4) The subdivision plan does not meet the zoning regulation, therefore Section 3.09.100 of the Subdivision Regulations is not met.
Notice of the decision was published in The Newtown Bee (ROR 9).
From the denial of the subdivision application, the plaintiff, Cheryl Pearlman, brings this appeal.
 AGGRIEVEMIENT
The plaintiff, Cheryl Pearlman, is the owner of the 4.293 acre parcel which she seeks to subdivide, and has been the owner at all times since the date of the filing of the subdivision application.
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991).
The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
A party claiming to be aggrieved must satisfy a well established two-fold test: (1) he must prove that he has a specific personal and legal interest in the subject matter of the decision, as distinct from a general interest such as concern of all members of the community as a whole, and (2) he must show that his personal and legal interest has been CT Page 2054 specifically and injuriously affected. Primerica v. Planning ZoningCommission, 211 Conn. 85, 93 (1989); Hall v. Planning Commission,181 Conn. 442, 444 (1980).
Ownership of the property which is the subject of the application demonstrates a personal and legal interest in the subject matter of the decision. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,530 (1987).
Denial of the subdivision application demonstrates that the plaintiff's interest has been specifically and injuriously affected.
It is found that the plaintiff, Cheryl Pearlman, is aggrieved by the decision of the Newtown Planning Zoning Commission.
 STANDARD OF REVIEW
In reviewing a subdivision application, a planning and zoning commission acts in an administrative capacity rather than in a legislative or quasi-judicial capacity. RK Development Corporation v.Norwalk, 156 Conn. 369, 372 (1968); Reed v. Planning ZoningCommission, 208 Conn. 431, 437 (1988).
The commission's authority is limited to determining whether the plan before it complies with the regulations which it has adopted for its guidance. Blakeman v. Planning Commission, 152 Conn. 303, 306 (1965). If the plan conforms to the existing regulations, the commission has no discretion or choice but to approve it. Westport v. Norwalk, 167 Conn. 151,154 (1974); Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57
(1987).
The commission is endowed with liberal discretion and its actions are subject to review by a court only to determine if it acted unreasonably, arbitrarily, or illegally. Schwartz v. Planning Zoning Commission,208 Conn. 146, 152 (1988); Thorne v. Zoning Board of Appeals,156 Conn. 619, 620 (1968).
The action of the commission must be viewed in light of the record before it. Ferndale Dairy, Inc. v. Zoning Commission, 148 Conn. 172, 176
(1961). A trial court can sustain an appeal only upon a finding that the decision of the commission was unreasonable, arbitrary or illegal.Schwartz v. Planning Zoning Commission, supra, 208 Conn. 152.
Where, as here, a zoning authority has stated reasons for its decision, the question for the court to determine is whether the reasons assigned are reasonably supported by the record, and whether they are CT Page 2055 pertinent to the considerations which the commission is required to apply under the regulations. DeMaria v. Planning Zoning Commission,159 Conn. 534, 540 (1970); Zieky v. Town Plan Zoning Commission,151 Conn. 265, 267-68 (1963).
The action of the commission must be upheld if even one of the stated reasons is sufficient to support the decision reached. Manchester v.Zoning Board of Appeals, 18 Conn. App. 69, 72 (1989); CrescentDevelopment Corporation v. Planning Commission, 148 Conn. 145, 150
(1961).
The question in all cases is not whether the trial court would reach the same conclusion, but whether the record before the agency supports the decision reached. Calandro v. Zoning Commission, 176 Conn. 439, 440
(1979). The evidence, under the substantial evidence rule, is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can reasonably be inferred. Property Group,Inc. v. Planning Zoning Commission, 226 Conn. 684, 697 (1993).
 COMMISSION JUSTIFIED IN CONCLUDING THAT THE APPLICATION WAS NOT A RESUBDIVISION
The Commission determined that the plaintiff's proposal was a "subdivision" of property, rather than a "resubdivision."
That conclusion, although not sufficient standing alone to deny an application, finds support in the record.
Section 1.09 of the Newtown subdivision regulations defines a "resubdivision" as:
 [A] change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use, or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map.
The Newtown regulation tracks the language of § 8-18 of the Connecticut General Statutes.
The plaintiff argues that her proposal is a resubdivision, because her property was one owned by Jonathan Aley as part of a larger sixty acre parcel. CT Page 2056
This argument is not persuasive.
Creation of the 4.293 acre parcel by Jonathan Aley in 1973 was not a "subdivision," as that term is defined by § 8-18 of the General Statutes.
Because § 8-18 of the Connecticut General Statutes defines "subdivision" as "the division of a tract or parcel of land into three or more parts or lots . . .," creation of the 4.293 acre parcel did not constitute a "subdivision, and was allowed pursuant to the "one-cut" rule.
A planning and zoning commission cannot adopt a definition of "subdivision" which modifies, or enlarges upon, or restricts the statutory definition. Peninsula Corporation v. Planning ZoningCommission, 151 Conn. 450, 452 (1964).
The plaintiff's 4.293 acre parcel was not a part of the subdivision approved in 1974, because the land was not owned by Jonathan Aley and was not included in the acreage for which subdivision approval was requested. (ROR 41.)
Section 8-26 of the General Statutes gives to the defendant Commission the authority to "determine whether the existing division of any land constitutes a subdivision or a resubdivision."
Based upon the facts contained in the record, the Commission's finding that the plaintiff's application was a subdivision, and not a resubdivision, of property cannot be disturbed.
 PARCEL CONTAINS SUFFICIENT FRONTAGE FOR THE CREATION OF TWO LOTS IN AN F R-2 ZONE
The Commission determined that the plaintiff's property contains both sufficient area and sufficient frontage on Hattertown Road to accommodate two conforming lots.
The Commission further found that the provisions of Sections 8.02.200 and 8.02.240 of the zoning regulations were not applicable to the application as presented.
These conclusions find overwhelming support in the record.
The plaintiff argues that the Commission has misinterpreted and misapplied its regulations, and that the subdivision map which she CT Page 2057 presented shows two conforming lots.
Sections 8.02.200 and 8.02.240 provide:
 8.02.200 Where property exists in an R-2 or R-3 zone of an area capable of being divided into more lots than it has street frontage for, said property may be divided, or subdivided pursuant to law, into 2 or more lots, which shall be considered conforming lots, provided the following requirements are met:
 8.02.240 Where such property before division has insufficient frontage for one lot with the minimum required street frontage and one 25 foot strip, said property may be divided into not more than two lots with the rear lot to be served by a strip of land 25 feet wide. . . .
In an attempt to overcome the inescapable conclusion that a 4.293 acre parcel with over five hundred feet of frontage can sustain two conforming lots, the plaintiff argues that the court should apply the regulations to the property prior to its division by Jonathan Aley in 1973.
She argues that the word "exists" should be interpreted to mean "as the property existed at the time of the adoption of the regulations."
The plaintiff was permitted to supplement the record with examples of other approved subdivisions which she claims support her construction of the regulations.
This was permitted despite the fact that all of the information was available at the time of the public hearing and could have been presented to the Commission at either of the hearings which it conducted.
The plaintiff's creative, albeit tortured, attempt to transform the regulations present tense into a past tense is not well taken.
The plaintiff correctly points out that where an agency has previously interpreted an ordinance or regulation, the practical construction placed upon it in the past is entitled to some consideration. Fedorich v. ZoningBoard of Appeals, 178 Conn. 610, 617 (1979).
However, the plaintiff's attempt to reconstruct past applications and commission decisions provides little support for the proposition that the Commission improperly applied its regulations in the case at bar, or that the interpretation of the regulations proffered by the plaintiff was even CT Page 2058 considered when other proposals were before the Commission.
The interpretation of a zoning ordinance is a question of law, and a court is not bound by a legal interpretation of an ordinance by a municipality. Schwartz v. Planning Zoning Commission, supra,208 Conn. 152-53; Northeast Parking, Inc. v. Planning ZoningCommission, 47 Conn. App. 284, 293 (1997); Coppola v. Zoning Board ofAppeals, 23 Conn. App. 636, 640 (1990).
A court should be even less deferential when the interpretation urged upon it is inconsistent with the interpretation accepted by the commission in the decision appealed from.
The court determines whether the municipal agency correctly interpreted its regulations and applied them with reasonable discretion to the facts. Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116-17 (1962). No special deference is accorded to a construction not previously subject to judicial scrutiny. Branhaven Plaza LLC v. Inland Wetlands Commission,251 Conn. 269, 277-78 (1999).
The Commission's determination that Section 8.02.200 and Section 8.02.240 do not apply based upon the facts presented at the public hearings represents a proper application of the regulations in question to the facts.
Two lots, both conforming to the regulations with regard to frontage and area, can be created from the plaintiff's 4.293 acre parcel.
 THE APPLICATION DOES NOT MEET THE REQUIREMENTS OF SECTION 8.02.250 OF THE REGULATIONS
The Commission found that the plaintiff's subdivision proposal did not meet the requirements of Section 8.02.250 of the Newtown zoning regulations and, therefore, the frontage mandate of two hundred twenty-five feet in a F R-2 zone (ROR 51, p. 97) could not be avoided.
This decision is supported by clear and unambiguous language in the regulation.
Section 8.02.250 applies, by its terms, to "any subdivision of property into three or more lots. . . ."
The plaintiff proposes a two lot subdivision.
The court is not persuaded that the Commission is required to consider CT Page 2059 the land in the 1974 subdivision of Jonathan Aley in applying Section 8.02.250 to the facts before it.
This reason forms a proper basis for rejecting the plaintiff's proposed subdivision.
 CONCLUSION
As stated by the Commission in its final reason, the proposed subdivision does not comply with the existing zoning regulations because both of the proposed lots do not contain at least two hundred twenty-five feet of frontage.
All of the reasons stated by the Commission in support of its decision find unambiguous, substantial support in the record.
The plaintiff's appeal is dismissed.
Radcliffe, J.