ANNA B. OSBORN *vs.* TOWN OF DARIEN, ITS BOARD OF ADJUSTMENT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 2d—decided November 8th, 1934.

*Joseph A. Gray,* for the appellant (plaintiff).

*John D. Walker,* with whom was *Francis K. Norman,* for the appellee (defendant).

MALTBIE, C. J.   This is an appeal from the board of adjustment established under the Act creating a zoning commission in the defendant town.   19 Special Laws, p. 922.   The complaint filed in the Court of Common Pleas is vague and uncertain in its allegations.   In general the situation disclosed may be summarized in this way: The plaintiff had for some years conducted a boarding, apartment and rooming house in a large building upon her property in the

defendant town. She desired to erect upon her property an apartment hotel and to renovate the old building. These changes would not in any way damage any person, would not create a nuisance and are necessary in order to enable her to maintain herself and prosecute her business. For about a year she worked to accomplish her purpose and caused plans to be made for the new building, believing that no zoning regulations forbade the changes she was contemplating. While not directly stated, it is apparent from the allegations of the complaint that the plaintiff's property is located in a residence zone. In the original zoning regulations for the town, a copy of which is attached to the complaint, boarding and rooming houses and hotels were permitted in such a zone, but by what the plaintiff calls a "claimed" amendment to the regulations, apartment houses and hotels are forbidden in such a zone. She filed with the zoning commission an application for a building permit for the building, upon a printed form, of which a copy is attached to the complaint and which was addressed to the board of selectmen of the town. The commission refused to hear her application and dismissed it. She thereupon appealed to the board of adjustment, which in turn refused to hear the matter. She then appealed to the Court of Common Pleas. In the trial court a demurrer was filed to the complaint which was sustained upon two grounds, that it did not appear from the allegations of the complaint that the decision appealed from was arbitrary, illegal or unreasonable, and that it did appear that the erection of the building planned by the plaintiff was in violation of the zoning regulations of the town and the action of the board was justified by them. The plaintiff failed to plead further and moved for judgment so that she might bring this appeal.

The board of adjustment is given authority by the Act creating the zoning commission to alter, vary or modify the application of the zoning regulations, but the appeal to it in no way invoked the exercise of that power and no question as to it could arise upon the appeal to the court. In the absence of action by the board under this power, the fact that the application of the regulations to her property would cause the plaintiff loss and hardship by preventing her from carrying out the contemplated changes upon her property would not justify an exemption from the regulations in her favor; individual hardship and loss is a necessary accompaniment of zoning in any community; and such loss must be borne in order to make possible the broader advantages secured by it to the community as a whole. *Thayer* v. *Board of Appeals,* 114 Conn. 15, 22, 157 Atl. 273; *Comley, State's Attorney, ex rel. Rowell* v. *Boyle,* 115 Conn. 406, 411, 162 Atl. 26. The original zoning regulations contained a provision that they should not apply to any building for which the foundation had been started at the time of their adoption, but neither they, nor the amendment, contains any other exception. If that amendment was valid, it necessarily applied to the erection after its adoption of any structure which was not within the exception in the original regulations and the fact that plans and arrangements had already been made for it would not be sound reason for failing to enforce its provisions; any loss occurring in this way would be *damnum absque injuria. State* v. *Hillman,* 110 Conn. 92, 103, 147 Atl. 294; *Fitzgerald* v. *Merard Holding Co., Inc.,* 110 Conn. 130, 141, 147 Atl. 513. The complaint is barren of any allegations which would make a dismissal of the appeal by the board of adjustment so arbitrary, illegal or unreasonable as to justify interference by the court, unless the amend-

ment to the zoning regulations forbidding the erection of the building in question could under the allegations of the complaint be shown not to be valid.

The complaint contains a general statement that the amendment was unlawful and of no effect. There is nothing upon the face of the copy of the amendment attached to the complaint which suggests any invalidity and the allegation, being but the statement of a legal conclusion, is to be tested by such specific defects as are alleged elsewhere in the complaint. *Bradley* v. *Clarke,* 118 Conn. 641, 644, 174 Atl. 72. A reading of it discloses only three particulars upon which the invalidity of the amendment might be claimed to rest: First, that the amendment attached to the complaint is not a complete statement of the alterations made in the regulations; second, that no copy or map had been filed in the town clerk's office as required by law; and third, as regards the plaintiff, that she had no notice of the adoption of the amendment. As to the first claim, the amendment does not purport to be a substitute for all the regulations originally adopted but only for certain sections, and it appears to be, from this standpoint, a complete enactment; and if under this allegation it could be shown that the copy attached to the complaint was not a complete copy of this particular amendment or that other amendments had been adopted, these facts could avail the plaintiff nothing in the absence of allegations showing that the omitted changes were relevant to the question of the application of the provisions contained in the copy to her right to make the changes she desires. The Act creating the zoning commission provides that no regulation shall be adopted until a copy has been on file in the office of the town clerk of the defendant town at least fifteen days and a public hearing held, after notice by publication. The

very exhibit attached to the complaint which contains the copy of the amendment purports to be taken from a Darien newspaper, dated November 12th, 1931, and states that a copy of the amendment is on file in the town clerk's office and that a public hearing in regard to it will be held on December 3d, 1931. In view of this, we can only interpret this allegation in the complaint as meaning that no copy of the amendment or of any plan was filed in the town clerk's office after its adoption. This is not required by the terms of the Act. Apparently the burden is placed upon any person seeking to erect or alter a building to ascertain from the records of the commission what regulations are in effect at a particular time, a not uncommon situation in the case of similar municipal commissions and boards having power to make regulations affecting certain matters. As to the third claim of invalidity, actual notice to the plaintiff of the enactment of the amendment is of course entirely unnecessary to make it effective as to her property. The allegations of the complaint fairly considered fail to show any sufficient basis for a claim that the amendment is invalid.

It is true that the action of the commission and board of adjustment in failing to give a hearing to the plaintiff seems arbitrary. It was perhaps ill advised, for a good deal of trouble and expense to the town and the plaintiff might have been saved had such a procedure been followed. But so far as appears, neither the commission nor the board could have done otherwise than dismiss the plaintiff's application and no harm could have come to her from a failure to give her an opportunity to be heard. Indeed, the seemingly arbitrary action of the commission and board was very likely due to the fact that they considered that they had no jurisdiction over the plaintiff's application, as apparently they did not. That application

was addressed to the board of selectmen but was filed with the zoning commission; the duty of enforcing the regulations is placed upon the building inspector of the town, if there is one, otherwise upon the first selectman, under rules adopted by the board of selectmen; so far as appears an application for a building permit is not to be made to the commission but to the official charged with the duty of enforcing the regulations. Apparently the zoning commission was without authority to act upon this particular application and the only course open to the board of adjustment upon the appeal was to dismiss it.

There is no error.

In this opinion the other judges concurred.