## STATE EX REL. WALTER BLANK
### vs.
## BOARD OF BUILDING COMMISSIONERS OF THE CITY OF BRIDGEPORT

Superior Court      Fairfield County      File #53275

Present: Hon. EDWIN C. DICKENSON, Judge.

Greenstein & Simons,      Attorneys for the Plaintiff.

Harry Schwartz,      Attorney for the Defendant.

## MEMORANDUM FILED JUNE 29, 1937.

DICKENSON, J. The relator, acting with a moving picture theatre promoter, took title of property on Park Avenue, Bridgeport, from members of his family and arranged with the promoter to acquire other land and build a theatre in the rear of the buildings on that property. The plan was to construct a lobby and entrance to the theatre through certain of the existing buildings facing Park Avenue.

While it is alleged in the amended alternative writ that the relator "applied to the . . . . Board of Building Commissioners. for a building permit," to alter the premises for use as a lobby on February 11, 1937, submitted plans and specifications and tendered the fee, the allegation was not supported by evidence and was abandoned in argument by the relator.

He further alleged, however, and now stands on the claim, that on the same day, February 11, 1937, he applied to the Board of Appeals on Zoning "for permission to extend the non-conforming use of said premises . . . . for the purpose of making the alterations above described"; that on March 8, 1937, this Board granted him this permission; notified the Board of Building Commissioners of its action; and no appeal was taken from this action.

His claim of law and fact is that the action of the Board of Appeals required the issuance of the permit by the Board of Building Commissioners as a "purely ministerial" act and the latter Board refused and refuses to issue such permit. He asks that the court order such permit issued.

The respondents admit an application "about March 29, 1937," by the relator to them for a building permit and admit it was denied although they claim in argument that on the evidence it has not been passed upon. In a "First Defense" they allege the application claimed to have been submitted to

the Zoning Board of Appeals was not submitted in "accordance with the statute". In a "Second Defense" they allege the Zoning Board of Appeals was without authority to pass upon the relator's application and its act was null and void and the "Third Defense" contains an allegation to the same effect. In a "Fourth Defense" they allege in substance that the plans submitted by the relator to the Zoning Board of Appeals would necessitate the erection of a building for business purposes on a lot in a residential zone constituting a new non-conforming use and this fact was not presented to the Zoning Board of Appeals and for the respondents to have granted a building permit would violate the law.

In a "Fifth Defense" the respondents allege they are without authority to grant the permit under the existing zoning restrictions and in a "Sixth and Seventh Defense" they make a similar claim.

The respondents appear to have been unnecessarily prolix and repetitious in their pleadings and to have confused the issue which is, under the writ of mandamus, does the vote of the Zoning Board of Appeals require the Board of Building Commissioners to issue the permit?

"The ultimate purpose of zoning ordinances is to confine certain classes of buildings and uses to certain localities."

**Thayer vs. Board of Appeals, 114 Conn., at 23.**

The legislature in **Chapter 29, Sec. 88c Cum. Supplement** gives authority to municipalities to regulate the character and use of buildings in various sections of the city or town. Statutory provision is made for a Zoning Board of Appeals. Such a board was created by the city and has authority to hear and decide appeals from decisions made by administrative officials of the city "charged with the enforcement of any by-law, ordinance, rule or regulations adopted pursuant to the provisions" of the act. The Zoning Regulation of the city, **Sec. XII,** provides that such Board may "Hear and decide appeals where it is alleged there is error in any order, requirement or decision made by the building inspector in the enforcement of these regulations."

The relator appealed to the Board from a refusal on the part of the Building Commission of the city to issue a permit for the construction of the lobby referred to, the Board of Appeals held a hearing and voted on March 8, 1937, to grant

"permission to alter the premises known as 1388 Park Avenue to be used as a lobby of a theatre which is to be erected on Oliver Street." On March 29, 1937 the relator applied to the Board of Building Commissioners for a permit and on March 31, 1937 the Board sent a letter (Plaintiff's Ex. L) notifying the city attorney that the application had been refused "by this department as in the opinion of the Board it is a violation of the Zoning Regulations under Section 2, last paragraph."

It is to be noted first that an appeal to this Board lies only in relation to orders made in connection with the zoning regu-lations and it is only in relation to these that the Board or the Zoning Commission has authority.

The duties of the Building Commission on the other hand go outside and beyond these regulations. Under **Sec. 29 of the charter (P. 15)** the building commissioners are required to examine all plans for building construction submitted to them "with reference to public and private safety," and grant permits only, presumably, when satisfied as to the safety of the proposed construction.

Considering the duties of the two Boards together it seems obvious at once that while the Zoning Commission or Board of Appeals for Zoning may determine controversies arising out of zoning laws and regulations they have no authority to determine whether building construction proposed is "safe" and so permissible under building regulations. And for the court to direct an issuance by the Building Commission of a permit on a finding of the Zoning Board of Appeals that it complied with the requirements of the zoning regulations would be to subject the public to the possible erection of unsafe buildings.

It is the contention of the relator that the notice to the city attorney (Plaintiff's Ex. L) shows the application was refused because in the opinion of the Building Commission such construction was in violation of the zoning regulations.

In view of the question of public safety it may not be assumed from this that it was the only reason. Indeed, from what evidence came in upon the subject, it appears that the question of safe and proper construction was not passed upon by the Building Commission.

Since this proceeding is based upon the theory that approval by the Zoning Board of Appeals of construction automatically

requires the Building Commission to issue a permit it must fail.

**Osborn vs. Darien, 119 Conn., 182.**

Judgment is directed for the respondents.