DOUGLAS A. BORA *v.* ZONING BOARD OF APPEALS OF THE TOWN OF NORWALK ET AL.

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 6—decided June 21, 1971

*Herbert F. Rosenberg,* with whom, on the brief, was *Robert N. Grosby,* for the appellant (plaintiff).

*Vincent D. Flaherty,* for the appellee (defendant Stephanak).

*Terrence J. Murphy, Jr.,* for the appellee (named defendant).

LOISELLE, J. The defendant Harold D. Stephanak is the owner of a two-story building located on Rowayton Avenue in the city of Norwalk. He had bought the premises approximately two years prior to his application for a variance from the Norwalk zoning regulations and had leased them approximately eight years prior thereto. He has resided on the second floor and has utilized the first floor as a woodworking shop during the whole period of his occupancy. He desired to discontinue his woodworking shop and to operate a cafe where alcoholic liquor will be sold for on-premises consumption. Both the woodworking shop and a cafe are permitted uses in business zone 1, where the premises are located. Norwalk Building Zone Regs. § 4 (13) (1929, as amended), hereinafter referred to as the Norwalk Zoning Regulations.

At the time he leased the premises, about eight years prior to his purchase of them, and also when he bought the premises, the Norwalk zoning regulations had provisions concerning off-street parking. Stephanak was required to provide five off-street parking spaces for his woodworking shop under these regulations. Norwalk Zoning Regs. § 13, subsection 5 (m). If he were to operate a cafe in the

building as it is now constructed, he would be required to provide eight off-street parking spaces under these regulations. Norwalk Zoning Regs. § 13, subsection 5 (1). The building is on a parcel of land thirty feet in width and sixty-three feet in depth and occupies nearly the entire tract. No off-street parking facilities exist nor could they exist on the land with the present building.

The defendant Stephanak applied for a variance from the off-street parking regulations so that he could operate a cafe without providing the eight off-street parking spaces required in connection with the operation of a cafe under the off-street parking regulations. Since at the time of his application for a variance he was operating a woodworking shop without the five off-street parking spaces which he was required to provide in connection with the operation of the shop under the regulations, the requested variance would in effect increase the existing failure to conform with the regulations to the extent of eight off-street parking spaces. The defendant zoning board of appeals granted the defendant Stephanak's application for a variance from the off-street parking regulations on condition that he operate the cafe only between the hours of 5 p.m. and 1 a.m. The plaintiff, who owns property across the street from Stephanak's property, has appealed to this court from the decision of the Court of Common Pleas dismissing his appeal from the decision of the board.

The action of the board of appeals is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. *Lawrence* v. *Zoning Board of Appeals*, 158 Conn. 509, 514, 264 A.2d 552. The question before us is whether the action of the board of appeals is reasonably sup-

ported by the evidence in the record. *Rocchi* v. *Zoning Board of Appeals,* 157 Conn. 106, 110, 248 A.2d 922; *George LaCava & Sons, Inc.* v. *Town Plan & Zoning Commission,* 154 Conn. 309, 311, 225 A.2d 198. The burden is on the plaintiff to prove that the board has not acted fairly, with proper motives and for valid reasons. Decisions of local boards should not be disturbed where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing. *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 326, 122 A.2d 303.

Since there were no off-street parking facilities on these premises at the time the off-street parking regulations were enacted in 1951, the use of the premises became nonconforming in nature. 3 Yokley, Zoning Law and Practice (3d Ed.) § 27-4. Subsection 4 of § 13 of the Norwalk zoning regulations specifically provides for the continued use of structures in existence prior to the date of the adoption of the regulations without adequate parking area as required by the off-street parking regulations.

Section 17 of the Norwalk zoning regulations provides that the "Board of Appeals may in a specific case after public hearing and subject to appropriate conditions and safeguards determine and vary the application of the regulations herein established, in harmony with their general purpose and intent," and thereafter lists ten different categories where such variances may be granted.

As we have pointed out, the use of the building in question as a cafe would be a permitted use under the general provisions of the zoning regulations, and if the building were to be used for a cafe the only nonconformity would be in the failure to provide the off-street parking spaces required by

the off-street parking regulations. We look, therefore, to the purpose and intent of the off-street parking regulations. Subsection 1 of § 13 of the regulations declares, in substance, that the various permitted property uses have a tendency to bring a substantial number of automobiles into the area in which they are located, that the parking of the automobiles tends to congest public streets generally and for many hours in the nighttime, that such parking tends to have a detrimental and depreciating effect on the areas subjected thereto, and that, therefore, it is in the public interest that property owners who create these parking problems should assume the responsibility of providing parking as an incident to the use of their property.

The minutes of the board show that the petition received careful consideration at the public hearing and that the executive meeting thereafter was adjourned so that the members could personally observe the traffic and parking situation in the area. The variance granted had the effect of waiving the requirement that Stephanak provide three additional off-street parking spaces during the hours of the operation of the cafe from 5 p.m. to 1 a.m. It is unquestioned that there is a real traffic and parking problem during the day in the Rowayton section of Norwalk but that the problem is nearly nonexistent after 6 p.m. The variance could not be supported as being in harmony with the general purpose and intent of the zoning ordinance if it were not for the condition imposed reducing the hours of operation of the cafe.

The record indicates that the liquor control commission questioned the right and power of the board of appeals to reduce the hours of operation of a cafe. Although the chairman of the board of appeals

informed the liquor control commission that the variance was granted for business purposes and not specifically for a cafe, the entire record of the appeal clearly indicates that the variance was granted for the specific purpose of allowing Stephanak to operate a cafe on the premises in question. And further, by subsection 5 of § 13 the number of off-street parking spaces needed is determined by the type of use of the premises.

General Statutes § 30-91 prescribes the hours liquor outlets may operate. It further provides that "[a]ny town may, by vote of a town meeting or by ordinance, reduce the number of hours during which such sale shall be permissible." The condition imposed by the board of appeals was a reduction of the number of hours during which this cafe could be operated and it was applicable to this outlet only. In effect, the board of appeals exercised a power which is delegated to the town alone and, further, it exercised that power by applying it to a particular outlet.

A board of appeals, having limited powers, must act within the limits of the powers granted to it by the zoning ordinance. *Celentano, Inc.* v. *Board of Zoning Appeals,* 149 Conn. 671, 677, 184 A.2d 49; *Rommell* v. *Walsh,* 127 Conn. 272, 278, 16 A.2d 483; *Osborn* v. *Darien,* 119 Conn. 182, 175 A. 578; 2 Rathkopf, Law of Zoning and Planning (3d Ed.), c. 39; "The Connecticut Law of Zoning (Part B)," 41 Conn. B.J. 453. As the board of appeals exceeded its power in granting the variance, it acted illegally and its action cannot be sustained.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.