[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The City of Shelton Zoning Board of Appeals granted a side yard variance to the defendants Robert J. Fedeli and Ann Marie Fedeli for the erection of a swimming pool.
The Fedeli's neighbor, the plaintiff in this case, Albert C. Mieczakowski, has filed an appeal against the Shelton Zoning Board of Appeals and the Fidelis, claiming that in granting this CT Page 2514 variance the Zoning Board acted improperly, illegally, arbitrarily, and in abuse of its discretion.
At the hearing, the plaintiff Albert C. Mieczakowski testified that his property abutted the property of the Fidelis.
Based on the testimony of the plaintiff Mieczakowski, the court finds that he is an abutting property owner, is aggrieved, and thus has standing to take the appeal. Section 8-8 (a) Conn. Gen. Stat.
On July 17, 1990 the Shelton Board of Zoning Appeals approved the Fideli application for variance and stated the following:
Inasmuch as this is the only feasible place for the pool and
Inasmuch as to deny the application would deny the petitioner the optimum use of their property and
Inasmuch as failure to grant the application would constitute an unreasonable and unnecessary hardship, and
Inasmuch as this approval is in accordance with the purpose and intent of the zoning ordinance of the City of Shelton,
Therefore, with due consideration for the public health, safety, welfare and property values, The certificate of approval for a 15-foot by 30-foot pool is granted and the left side yard is reduced from the required 30 feet to 13 feet (Section 24.4, schedule b, standard 9), in this instance.
The court is not permitted to substitute its findings and conclusions for the decision of the zoning authority. Verney v. Planning and Zoning Board of Appeals, 151 Conn. 578, 580 (1964).
The Zoning Board of Appeals, in performing its function, has liberal discretion to act, provided only that honest judgment be reasonably exercised after a full hearing on the issues. Bora v. Zoning Board of Appeals of the Town of Norwalk, 161 Conn. 297
(1971). In reaching its decision, the defendant Zoning Board of Appeals may act upon its own knowledge and observations. Blakeman v. Planning and Zoning Commission of the City of Shelton, 152 Conn. 303 (1965).
Upon a review of the zoning appeal, the court will not disturb the decision of the Zoning Board of Appeals if it is CT Page 2515 reasonably supported by the record. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983).
The court is powerless to replace the board's discretion with it's own. Suffield Heights Corporation v. Town Planning Commission of the Town of Manchester, 144 Conn. 425, 427 (1957).
The court must search the record to discover sufficient reasons to support the board's decision if the board does not state the reason for its action or the reasons stated are inadequate. Grillo v. Zoning Board of Appeals, 206 Conn. 362
(1958).
In reviewing the record, the court finds that the location of the pool on the Fideli property was not determined by the Fidelis themselves, but from input by the excavator that worked for the installing pool company and Richard Werner of the Valley Health Department.
The Zoning Board of Appeals heard testimony of the severe slope to the property, the wetlands problem, the septic tank leaching field problem, the fact that there was a spring running through the property, and the irregular shape of the property.
They also heard testimony that not only was the location of the pool the most logical but also the only place for it. Mr. Glover, a member of the Zoning Board of Appeals, also indicated that he had been out to view the property.
Having all of this evidence before it, the court finds it sufficient to support the Zoning Board of Appeals' finding.
The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Colandro v. Zoning Commission, 176 Conn. 439, 440 (1979).
The history of zoning legislation indicates a clear intent on the part of the General Assembly that solutions to zoning problems should be left to the local agency. Eden v. Town Planning and Zoning Commission, 139 Conn. 59, 62 (1952).
The action of the zoning authority must be sustained even if only one of the stated reasons is sufficient to support it. Tarsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50 (1984).
The plaintiff's appeal is dismissed.
BY THE COURT, Robert C. Flanagan, Judge. CT Page 2516