[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from the denial of variances by the defendant Burlington Zoning Board of Appeals. On April 5, 1991, the plaintiff Alan McKercher filed an application for variances of Sections 8.01, 11.05 and 11.07.3 of the Burlington Zoning Regulations with the Burlington ZBA to allow him to replace a non-conforming building in his non-conforming mobile home park with another building. On May 21, 1991, a public hearing was held on the application. The defendant ZBA CT Page 6352 denied the variances requested by the plaintiff.
In denying the application for variances, the defendant ZBA acted under the authority of Connecticut General Statutes 8-6. The plaintiff appeals pursuant to General Statutes 8-8(b). The plaintiff has exhausted his administrative remedies. The plaintiff is an aggrieved person under General Statutes 8-8(a)(1).
On an appeal from the board's denial of the application for a variance, "the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons." Krejpcio v. Zoning Board of Appeals, 152 Conn. 652, 657 (1965). In reviewing the board's action on a variance, "the board of appeals is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal." Bora v. Zoning Board of Appeals, 161 Conn. 297, 299 (1971). "Decisions of local boards should not be disturbed where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing." Id. at 300. The burden of proof in these matters is on the plaintiff. Id.
The plaintiff contends that this appeal should be sustained because the ZBA failed to state the reasons for its decision on the record. However, where a zoning authority does not state on the record the reasons for its action, the trial court must search the record to find a basis for the action taken. A.P. W. Holding Corporation v. Planning and Zoning Board, 167 Conn. 182, 186 (1974).
The record reveals that the proposed replacement building would be larger than the existing non-conforming building. Zoning regulations seek the elimination rather than the enlargement of non-conforming uses. Raffaele v. Zoning Board of Appeals, 157 Conn. 454, 458 (1969). An extension of the space allotted to a non-conforming use is a proscribed extension of that non-conforming use. Id. at 462. Therefore, a variance which would permit the enlargement of a non-conforming building is prohibited.
The record also reveals that the proposed building would be on a site adjacent to the existing building rather than on the same site. In Jensen's Inc. v. Plainville,146 Conn. 311, 315-16 (1959), the owner of a non-conforming CT Page 6353 trailer park in a residential section was allowed to maintain that use, but was not permitted to expand that non-conforming use to adjoining parcels of land. Similarly, the plaintiff in this case may maintain the existing non-conforming use, but may not expand that use to an adjacent parcel of land. See, Id. at 315-16; Raffaele, 157 Conn. at 462.
Lastly, the record indicates that the granting of a variance in this case would have resulted in the expansion of the use from seasonal to year-round use. "Non-conforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit . . ." Cummings v. Tripp, 204 Conn. 67, 84 (1987). "To be illegal, an extension of a permitted use need not necessarily consist of additional uses of a different character. It may consist of uses of the same character carried on over a substantially additional period of the year." Id. at 85 quoting Weyls v. Zoning Board of Appeals, 161 Conn. 516, 520 (1971). An expansion in the use of non-conforming property from seasonal to year-round use constitutes an illegal extension of a non-conforming use and is prohibited. Cummings, 204 Conn. at 86; Weyls,161 Conn. at 520; Beerwort v. Zoning Board of Appeals, 144 Conn. 731, 73435 (1958). Therefore, the board acted appropriately in denying a variance which, if granted, would have resulted in the expansion of a seasonal use to a year-round use.
For the reasons stated, the appeal is dismissed.
JOSEPH H. GOLDBERG SENIOR JUDGE CT Page 6354