MARY GAY ET AL. *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF WESTPORT
(AC 19377)

Lavery, C. J., and Spear and Dupont, Js.

Argued March 29—officially released August 15, 2000

*Ira W. Bloom*, with whom was *Michael S. Toma*, for
the appellant (defendant).

*Lawrence P. Weisman*, for the appellees (plaintiffs).

*Opinion*

DUPONT, J. The defendant, the zoning board of
appeals of the town of Westport (board), appeals from

the trial court's judgment sustaining the plaintiffs'[1] appeal from the board's denial of their application for the removal of a condition prohibiting construction on a certain lot owned by the plaintiffs.[2] The condition had been imposed by the board in 1966 with the agreement of a predecessor in title of the plaintiffs in connection with the predecessor's application for a variance on other, noncontiguous land that he owned. The primary issue of this case is whether the condition was void ab initio. We conclude that the condition was void and affirm the judgment of the trial court.

The following facts are not in dispute. In 1950, Emanuel Massiello, a land developer, filed and recorded with the town of Westport an approved subdivision plan consisting of twelve lots, each approximately one acre in size. Lot L, the lot owned by the plaintiffs and at issue in this appeal, is a 1.08 acre parcel located within this subdivision. At the time, the subdivision was in an AA zoning district, which required a minimum building lot of one acre. In 1953, the zone in which the subdivision was located changed from an AA district to an AAA district, which required each building lot to have a minimum area of two acres.

In 1956, a lot merger provision was added to the zoning regulations, requiring all nonconforming adjacent lots in a subdivision with common ownership to merge into one lot. Lot L was unaffected by this lot merger provision and did not merge with any other lot in the subdivision. In 1966, Massiello went before the board and requested a variance for a 3.36 acre parcel in the subdivision that had been merged previously. He wanted to divide the parcel into two lots of 1.51 and 1.85 acres. The board approved the application but, in

---

[1] The plaintiffs are Mary Gay and Florence O'Brien, owners of the property at issue in this case.

[2] Pursuant to General Statutes §§ 8-8 (o) and 8-9, this court granted the defendant's petition for certification to appeal.

doing so, conditioned its approval on several requirements, one being that "Lot 'L' shall never be used as a building site." Lot L was not a part of the 3.36 acres involved in the application for a variance, nor was it contiguous to that acreage, but instead, was a separate lot also owned by Massiello. Massiello agreed to the conditions and the variance was granted.[3]

Following the board's approval of Massiello's variance, the board approved variances for virtually all of the other lots in the subdivision, the result of which was that, almost without exception, all of the lots had less than the two acre minimum required by the AAA zone district. In its memorandum of decision, the trial court found that "the record demonstrates an utter lack of conformity within the subdivision with the AAA zone district."

The plaintiffs, as the current owners of lot L,[4] claim that the condition imposed by the board and agreed to by a predecessor in title was illegally imposed and, therefore, should be removed. Thus, on June 27, 1997, the plaintiffs applied to the board for the removal of the restriction on lot L that prevented it from being used as a building site and for a variance permitting them to build on the lot. On November 12, 1997, the board denied the plaintiffs' application, stating that "[t]he variance was denied because no hardship was proven and the board felt there was no reason to overturn the previous condition imposed." The plaintiffs appealed to the trial court from the board's denial, alleg-

[3] The board specifically stated in its decision that "Emanuel Massiello . . . has agreed to a condition and restriction prohibiting any construction on lot 'L' and intends to develop the remainder of his property in a manner which would be consistent with the spirit and intent of the Westport zoning regulations."

[4] The plaintiffs acquired lot L by way of inheritance from their father, who had bought the property from Massiello. It is not disputed by the parties that the plaintiffs' father had at least constructive notice of the condition on lot L at the time of his purchase.

ing that the condition attached to the 1966 variance was illegally and improperly imposed. The plaintiffs alleged that the board improperly acted with respect to lot L because it had been imposed "as a condition of the granting of a variance to an altogether different lot."

The court sustained the plaintiffs' appeal and struck down the 1966 restriction, holding that the condition was "unreasonable" and that the board had "abused its discretion." The court held that the board had no jurisdiction or authority to condition a variance on a prohibition against an unrelated lot, where the condition was not "necessary for the viability of the variance." The court noted that "the fact that the board approved the variance applications with a condition attached to lot L, which was not even the subject of the variance applications at all, raises serious questions for the court. In fact, the court could not find even a single instance in which a zoning board of appeals placed a condition on a parcel of property that was not also the subject of the variance application."

The court also rejected the defendant's claim that it was too late for the plaintiffs to challenge the board's 1966 actions. The court held that the plaintiffs' challenge was "a challenge to the board's power to act and may be brought at this time. See *Moscowitz* v. *Planning & Zoning Commission*, 16 Conn. App. 303, 313, 547 A.2d 569 (1988)." The court further held that General Statutes § 8-26a (b),[5] which provides that lots

---

[5] General Statutes § 8-26a (b) provides: "Notwithstanding the provisions of any general or special act or local ordinance, when a change is adopted in the zoning regulations or boundaries of zoning districts of any town, city or borough, no lot or lots shown on a subdivision plan for residential property which has been approved, prior to the effective date of such change, by the planning commission of such town, city or borough, or other body exercising the powers of such commission, and filed or recorded with the town clerk, shall be required to conform to such change."

The defendant does not attack the validity of the application of § 8-26a (b) to the plaintiffs' lot *if* the condition prohibiting its use as a building lot site were void.

in an approved subdivision may not be required to conform to subsequent changes in zoning regulations, applies to the plaintiffs' case and, thus, "the plaintiffs were not required to apply for a variance . . . in order to construct a single family residence on lot L."

I

We first address the defendant's claim that the imposition of the condition was a valid exercise of its powers. As a threshold matter, we note that this case is not about whether the plaintiffs could build a one-family dwelling on a lot less than two acres in size if there were no condition; see General Statutes § 8-26a (b); but about whether the condition imposed in 1966 is valid, thereby prohibiting any building at all on the lot. Neither party on appeal argues the issue of whether a variance to build should have been granted if the condition was valid.[6] We also note that this case is not about the distinction between cases involving special permits or exceptions as opposed to variances; *Parish of St. Andrew's Church* v. *Zoning Board of Appeals*, 155 Conn. 350, 232 A.2d 916 (1967); because were it not for the condition, the building on lot L would be a permitted use and, as such, would not require a variance. The variance with which this case is concerned is the one granted in 1966 to which the condition not to build on lot L was attached.

"Local zoning boards are vested with a liberal discretion. . . . A trial court must, however, review the decision of a zoning board of appeals to determine if the board acted arbitrarily, illegally or unreasonably." (Citation omitted.) *Wnuk* v. *Zoning Board of Appeals*, 225 Conn. 691, 695–96, 626 A.2d 698 (1993). Additionally,

---

[6] The plaintiffs' complaint alleged that their application for a variance should have been granted because all "other lots in the immediate area and in the subdivision of which the subject lot forms a part were at the time of their development undersized and the subject of similar variance requests."

our review of conclusions of law is plenary, and we must decide whether the conclusions are legally and logically correct, and supported by the facts in the record. *State* v. *Velasco*, 248 Conn. 183, 189, 728 A.2d 493 (1999).

It is undisputed that "[a] zoning board of appeals may, without express authorization, attach *reasonable* conditions to the grant of a variance." (Emphasis added.) *Burlington* v. *Jencik*, 168 Conn. 506, 509, 362 A.2d 1338 (1975). Reasonable conditions attached to a variance are those conditions that are in general harmony with the purposes and intent of the zoning regulations. Id.; *Gangemi* v. *Zoning Board of Appeals*, 54 Conn. App. 559, 571, 736 A.2d 167, cert. granted on other grounds, 251 Conn. 911, 739 A.2d 1248 (1999). If conditions attached to the granting of a variance, however, are outside the authority of the zoning board, the action will not be sustained. *Bora* v. *Zoning Board of Appeals*, 161 Conn. 297, 302, 288 A.2d 89 (1971).

In its memorandum of decision, the court, quoting *Burlington* v. *Jencik*, supra, 168 Conn. 510, aptly noted that a variance and its attached conditions " '*are inextricably linked* [when] the viability of the variance [is] *contingent upon the satisfaction of the conditions.*" (Emphasis in original.) Given this standard, the court examined the record and found no evidence that the viability of the variances granted to Massiello in 1966 were dependent on the satisfaction of the condition imposed on lot L. Neither we nor the trial court could find a single case approving a condition imposed by a zoning board of appeals that was not the subject of a variance or special permit application.

It is instructive to review briefly some appellate decisions relating to conditions imposed by zoning authorities. It is a valid condition on the granting of an application to erect certain structures for a wastewater

treatment system to require the applicant to submit a plan to eliminate future sludge production and to remove sludge. *Upjohn Co.* v. *Zoning Board of Appeals*, 224 Conn. 96, 616 A.2d 793 (1992). In *Upjohn Co.*, the condition was related to the application, and the promisor of the condition was the same entity that later sought to attack it. A condition requiring the demolition of one tower on the granting of a special exception to erect a replacement tower is valid because there is a substantial relationship between the request to build a new tower and the demolition of the existing tower. *Farmington* v. *Viacom Broadcasting, Inc.*, 10 Conn. App. 190, 522 A.2d 318, cert. denied, 203 Conn. 808, 525 A.2d 523 (1987).

In those cases deciding that a condition is invalid, the universal thread, as is true in cases upholding the validity of the condition, rests on the closeness of the relationship of the condition to the action sought from the zoning entity and whether the entity had the authority to require the condition. A condition is void if it requires a zoning entity to deny a future application even if the future application fully complies with zoning; *Moscowitz* v. *Planning & Zoning Commission*, supra, 16 Conn. App. 311–12; or if the condition is impossible to satisfy; *Vaszauskas* v. *Zoning Board of Appeals*, 215 Conn. 58, 65, 574 A.2d 212 (1990); or if the zoning entity exercises a power not held by it but by another governmental entity; *Bora* v. *Zoning Board of Appeals*, supra, 161 Conn. 302; see also *Parish of St. Andrew's Church* v. *Zoning Board of Appeals*, supra, 155 Conn. 350; or if the condition bears no relationship to the action sought from the zoning authority and is not an essential or integral part of it. *Beckish* v. *Planning & Zoning Commission*, 162 Conn. 11, 18–19, 291 A.2d 208 (1971).

On the basis of existing case law and applying the principles of the cases cited, we conclude that the condition that lot L never be used as a building lot, attached

to the grant of the variance for an unconnected property, was unreasonable, beyond the authority of the board and, thus, void ab initio. When a condition imposed by a board is unreasonable and beyond the authority of the board, "it may be revoked, set aside and declared to be void and of no force." (Internal quotation marks omitted.) *Vaszauskas* v. *Zoning Board of Appeals*, supra, 215 Conn. 66.

## II

The defendant also claims that it is too late for the plaintiffs to challenge the imposition of the 1966 condition either because the plaintiffs have waived their right to do so or because the "finality of zoning decisions" concept, as discussed in *Upjohn Co.* v. *Zoning Board of Appeals*, supra, 224 Conn. 96, prevents the trial court from overturning a 1966 zoning decision.[7]

"We have frequently stated that when a party has a statutory right of appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test. The only relevant exception to this rule is where the administrative action is void." (Internal quotation marks omitted.) *Moscowitz* v. *Planning & Zoning Commission*, supra, 16 Conn. App. 313. In *Upjohn Co.* v. *Zoning Board of Appeals*, supra, 224 Conn. 100–102, the court held that a property owner could not accept the benefits of a permit and a condition attached to it for three years and then attack the condition; see also *Spectrum of Connecticut, Inc.* v. *Planning & Zoning Commission*, 13 Conn. App. 159, 161–62, 535 A.2d 382 (1988); but acknowledged an exception to that general rule. The exception is that a

---

[7] Emanuel Massiello agreed to the condition imposed in 1966 and obviously, therefore, took no appeal from the variance he obtained or from the condition.

collateral attack on a previously unchallenged condition will be permitted where the "condition was so far outside what could have been regarded as a valid exercise of zoning power that there could not have been any justified reliance on it . . . ." *Upjohn Co.* v. *Zoning Board of Appeals*, supra, 105. The case before us falls into this exception set forth in *Upjohn Co.*

We have already concluded that the condition imposed by the board on a parcel that was not the subject of the variance application before it was void ab initio. The action of the board in imposing such a condition was ultra vires and, as such, there could not have been any justified reliance on it. "Where the challenge raised is to the power of the agency to act, the failure to appeal immediately does not deprive the challenger of his right to bring the claim at a later date." *Moscowitz* v. *Planning & Zoning Commission*, supra, 16 Conn. App. 313.

We conclude, therefore, that the action of the board in imposing a condition on a parcel unconnected to the property for which the variances were sought was ultra vires and the condition void ab initio. The failure of the plaintiffs' predecessors to appeal directly from the board's action does not bar the plaintiffs now from challenging the condition.

The judgment is affirmed.

In this opinion the other judges concurred.