[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative or record appeal of a decision by the defendant, the Zoning Board of Appeals of the city of Stamford (ZBA), which upheld or affirmed a ruling of the Zoning Enforcement Officer (ZEO). The subject premises are located at 1058 High Ridge Road, Stamford, and are currently in the C-N zone (Neighborhood Business District). The owner is Morton B. Kahn Realty Associates. The plaintiff in this appeal, King Conn Enterprises, Inc., is a lessee which operates a Burger King restaurant on the premises as a franchisee.
The plaintiff sought a zoning permit in order to add a drive-up or drive-through window to its facility. The ZEO refused to issue such a permit on the basis that doing so would violate a condition imposed in 1977 by the city's Zoning Board. The plaintiff appealed that refusal to the defendant ZBA in accordance with section 19.1.2 of the Stamford Zoning Regulations (regulations).[1] This section provides that "[a]ny person claiming to be aggrieved . . . by any order, requirement or CT Page 15814 decision made by the Zoning Enforcement Officer may appeal to the Zoning Board of Appeals as provided in Section 8-7 of the Connecticut General Statutes as amended." General Statutes § 8-7 provides for appeals to a zoning board of appeals of "any order, requirement or decision of the official charged with the enforcement of the zoning regulations." See also General Statutes § 8-6. After a public hearing, the ZBA affirmed the decision of the ZEO in a decision dated May 6, 1999.
At a hearing held by this court on April 27, 2000, the plaintiff, as lessee, was determined to be aggrieved in accordance with General Statutes § 8-8 (b). Thus, the plaintiff has standing to appeal because it is a tenant in possession and control of the subject property, and was the applicant to the defendant agency. Richards v.Planning Zoning Commission, 170 Conn. 318, 323-24, 365 A.2d 1130
(1976).
The background of this appeal began in 1975 when the owner, Morton B. Kahn Realty Co., applied to the Zoning Board of Stamford for site plan approval to construct a Burger King at the subject premises. The property at that time was located in the B-D zone (Business Design). The Zoning Board rejected the application in 1976 and the owner appealed to the Court of Common Pleas in Stamford. In Kahn Realty v. Stamford, docket no. 16456, the court, Mancini, J., in a decision dated November 2, 1976, reversed the Zoning Board. On remand the Zoning Board granted the application but imposed three conditions relating specifically to a drive-in at the facility, viz., there could not be a drive-up window, there could not be outside seating, and food could not be consumed in cars parked on the premises. The owner did not appeal the imposition or validity of these conditions.
The standard of review of a decision by a ZBA with respect to the action of a ZEO is well known. "Following an appeal from the action of a zoning enforcement officer to a zoning board of appeals, a court reviewing the decision of the zoning board of appeals must focus, not on the decision of the zoning enforcement officer, but on the decision of the board and the record before the board." Caserta v. Zoning Board ofAppeals, 226 Conn. 80, 82, 626 A.2d 744 (1993). The court must decide whether the regulation was "correctly interpreted" by the ZBA and applied "with reasonable discretion to the facts." Spero v. Zoning Board ofAppeals, 217 Conn. 435, 440, 586 A.2d 590 (1991). The issue is only whether the defendant ZBA's decision was arrived at "fairly or with proper motives or upon valid reasons . . ." (Internal quotation marks omitted.) Id. However, there is a caveat. "In light of the existence of a statutory right of appeal from the decisions of local zoning authorities, however, a court cannot take the view in every case that the discretion exercised by the local zoning authority must not be CT Page 15815 disturbed, for if it did the right of appeal would be empty." Daughtersof St. Paul. Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 56-57,549 A.2d 1076 (1988).
The issue is whether the plaintiff is estopped from contesting these conditions at this time because the owner did not take an appeal from the imposition of the conditions in 1997. Upjohn Co. v. Zoning Board ofAppeals, 224 Conn. 96, 101, 616 A.2d 793 (1992), held that, as a general proposition, one may not accept "both the benefits of the permit and the condition attached to it, by failing to challenge the condition by way of direct appeal." However, there is an exception to that rule as illustrated by the recent case of Gay v. Zoning Board of Appeals,59 Conn. App. 380, 388, 757 A.2d 61 (2000), which held that if a condition was imposed without authority, then it was void ab initio and hence appealable at any time.
Therefore, the question is whether, as the plaintiff claims, the conditions prohibiting a drive-in window, imposed by the Zoning Board in 1977, were indeed illegal, ultra vires and void. If they were, then the plaintiff has the right to appeal the conditions at this time. If, however, the imposing of the conditions was proper and within the authority of the Zoning Board when reviewing site plans, then the plaintiff is estopped from appealing based on Upjohn Co. v. Zoning Boardof Appeals, supra, 224 Conn. 104-05.
The subject property in 1977 was zoned B-D, a designed business district. This zone permitted a "restaurant" which was defined as "[a] place where meals are regularly served as the principal business conducted thereon." Art. 2, sec. 3 (85) of the regulations. There was no reference as such to drive-through windows. Permitted in other zones, however, was a "roadside building," defined in Art. 2, sec. 3 (89) of the regulations as "a place to obtain food from outside a building and remove the food for consumption elsewhere."
In Judge Mancini's decision remanding the appeal to the Zoning Board, he described the proposed Burger King facility as a "restaurant" with a capacity of approximately 110 seats and that the Zoning Board "can only classify this establishment in question as a restaurant." He further noted that the proposed use was a permitted use in that zone "and that this establishment is a restaurant and it comes well within the approval of the zoning regulations." This decision is a recognition that only a restaurant could be established in the subject zone, not a "roadside building." It follows that the conditions imposed by the Zoning Board in 1977 prohibiting a drive-through window insured that the facility would operate as a restaurant, a permitted use in the zone, and not a "roadside building," which was not permitted in the B-D zone. Thus, the CT Page 15816 conditions, far from being illegal, insured that the facility would operate m a legal and permitted manner in the zone in question.
Moreover, the conditions prohibiting a drive-through were within the authority of the Zoning Board as provided in section 7 of the then existing regulations. "The locations of driveways . . . and automobile parking areas and access therefrom to adjacent streets shall be designated and approved by the Zoning Board. No use shall be permitted that will cause or result in . . . unusual traffic hazard or congestion due to the . . . manner in which traffic enters or leaves-the site of the use."
The decision of the defendant agency does not itself set forth the reason for its affirming the ruling of the ZEO, so it is necessary to search the record to determine whether there is support for the ZBA's ruling in this case. The transcript of the meeting of the ZBA on April 14, 1999, indicates that one board member said: "[the proposal] it's not permitted because with the restriction it gave them the right to exist. Can't change it now." The chairman said: "Also it would be a different restaurant than is there now." This means that the restriction against a drive-through cannot be changed at this point because it was imposed in 1977 as a condition of the approval of the restaurant.
Because of the decision regarding the validity of the conditions imposed by the Zoning Board in 1977, it is not necessary to resolve the question of whether, if the conditions had been void ab initio and hence appealable at this time, the addition of a drive-in window would have represented an unlawful expansion of a nonconforming use.[2]
Finally, "[i]n reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal." Francini v. Zoning Boardof Appeals, 228 Conn. 785, 791, 639 A.2d 519 (1994). It is axiomatic that a plaintiff has the burden of proving that a zoning board of appeals has acted illegally, arbitrarily or in abuse of its discretion. Fernandes v.Zoning Board of Appeals, 24 Conn. App. 49, 55, 585 A.2d 703 (1991). The court's only role is to search the record to determine whether the ZBA's conclusion was reasonably supported by the record, but not attempt to weigh the evidence or determine issues of fact. Farrington v. ZoningBoard of Appeals, 177 Conn. 186, 190, 413 A.2d 817 (1979).
The ZBA did not act unreasonably, arbitrarily or illegally in affirming the decision of the ZEO not to issue a zoning permit to add a drive-through window to the existing Burger King. Thus, the decision of the defendant ZBA is affirmed. General Statutes § 8-8 (1). CT Page 15817
So Ordered.
William B. Lewis, Judge T.R.