[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal brought by plaintiffs, Warner Smith and Cynthia Smith, from the action from the Zoning Board of Appeals of the Town of Old Lyme (hereinafter the Board) in granting a variance with certain conditions.
For reasons hereinafter stated the decision appealed from is affirmed.
General Statutes § 8-8 limits appeals from the decision of local zoning boards of appeals to parties who are aggrieved by a decision of the Board. Here the evidence establishes that the plaintiffs, Warner Smith and Cynthia Smith, are the owners of the property in question and instituted the proceedings before the Board. It is, therefore, found that CT Page 1408 they are aggrieved within the meaning of § 8-8 and have standing to prosecute this appeal. Rogers v. Zoning Board of Appeals, 154 Conn. 484,488 (1967).
All notices required by law have been properly given and timely published. No questions concerning the jurisdiction have been raised.
The record indicates that plaintiffs are the owners of real property at 17-1 Avenue A in the Town of Old Lyme. The property is in an R-10 zone. On August 5, 1999, plaintiffs applied to the Board for a variance of § 21.3.3 of the Zoning Regulations involving minimum lot dimensions, § 21.3.9 involving minimum setbacks § 8.8.1 and § 8.9.3 involving enlargement of a use. The granting of the variance would enable plaintiffs to comply with the requirements for conversion of the property from seasonal to year round use. A public hearing was held by the Board on plaintiffs' application on September 14, 1999 at which parties of interest were heard. At a meeting held September 27, 1999, the Board approved plaintiffs' application for a variance with four conditions. The fourth condition required that plaintiffs install a new septic system as shown on the site plan submitted with their application and the third condition required that they connect to the public water system. Claiming that the imposition of these conditions was arbitrary, unreasonable and in abuse of its discretion, the plaintiffs have instituted the present appeal.
At the time of trial, it was reported that plaintiffs have complied with the condition requiring the installation of a new septic system. The validity of that condition is not then before the court. The validity of the condition requiring plaintiffs to connect to a permanent water supply, however, is before the court.
In considering the issues raised in this appeal, the scope of judicial review is limited. Horn v. Zoning Board of Appeals, 18 Conn. App. 674,676 (1989). The authority of the court is limited by § 8-8 to a review of the proceedings before the Board. The function of the court in such a review is to determine whether the Board acted fairly or on valid reasons with the proper motives. Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49 (1964). The court is limited to determining whether the record reasonably supports the conclusions reached by the Board.Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265 (1983). The court cannot substitute its discretion for the liberal discretion conferred by the legislature on the Board. The court is limited to granting relief only when it can be shown that the board acted arbitrarily or illegally and consequently has abused its statutory authority. Gordon v. Zoning Board, 145 Conn. 597, 604 (1958). The burden rests with the plaintiff to prove the impropriety of the Board's CT Page 1409 actions. Burnham, supra, 189 Conn. 266.
It is not the function of the court to rehear the matter or question wisdom of the defendant Board in taking the action which it did. The court is limited to determining whether or not the Board's action can be supported under the law.
Here, the applicants requested that the Board grant a variance from the strict application of certain sections of the zoning regulations. A variance constitutes permission for a party to use their property in a manner otherwise prohibited by the zoning regulations. For these reasons, the granting of a variance is generally reserved for unusual or exceptional circumstances. Bloom v. Zoning Board of Appeals, 233 Conn. 198,206 (1995).
Defendant Board derives its authority to vary the application of the zoning regulations from the provisions of General Statutes § 8-6(3) and § 52 of the Old Lyme Zoning Regulations. The statute establishes two basic conditions which must be met for the granting of a variance are (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v.Zoning Board of Appeals, 206 Conn. 362, 368 (1988).
An applicant for a variance must show that, because of some peculiar characteristic of its property, the strict application of the zoning regulation produces an unusual hardship as opposed to the general import which the regulation has on other properties in the zone. Dolan v. ZoningBoard of Appeals, 156 Conn. 426, 429 (1968).
Implicit in the Board's power to grant variances is the power to attach reasonable conditions to the variances granted. "The right to attach reasonable conditions to the grant of a variance is not dependent upon express authorization from the law-making body. Were this not so, the board, for lack of such right, might be forced, at times, to deny a variance and thus to perpetuate an owner's plight crying for relief. Since variances allow uses forbidden by the regulations, the attachments of conditions to the granting of a variance alleviates the harm which might otherwise result. Were it not for the conditions imposed by a board of appeals, variances might not be supportable as being in harmony with the general purpose and intent of the zoning ordinance. Thus, the variance and the attached conditions are inextricably linked, to the viability of the variance being conditioned upon the satisfaction of the conditions." Burlington v. Jencik, 168 Conn. 506, 510 (1975) (citations omitted). CT Page 1410
The sole issue before the court in this appeal is the legality of the requirement that plaintiffs connect to a public water system as a condition attached to the variance which will allow them to convert their seasonal residence to year round use.
Conditions attached to a variance must be reasonable. Lurie v. Planning Zoning Commission, 160 Conn. 295, 304 (1971). Plaintiffs claim that the condition at issue here is unreasonable. They rely to a large extent onBora v. Zoning Board of Appeals, 161 Conn. 297, 302 (1971) in which the Supreme Court held that a zoning board of appeals exceeded its power and acted illegally in granting a variance concerning parking spaces for a cafe where alcoholic liquor would be sold. The condition attached to the variance limited the hours which the cafe could operate. The court found that the General Statutes prescribed that the hours for liquor sales could be reduced only by the municipal legislature. Since this authority had not been granted to the zoning board of appeals it was held that the Board exceeded its authority when it attempted to reduce the hours.
Plaintiffs argue that a situation similar to Bora exists here. They point out that on March 17, 1999, they applied to the Old Lyme zoning enforcement officer to convert their seasonal dwelling to a year round use. On the application form there was a section for "health review". The form indicated that the conversion to year round use had been approved by the health officer. It is plaintiffs' position that this approval is dispositive of the public health issue and that the Board exceeded its authority when it attempted to place a condition on the variance which was beyond its authority.
Unlike the situation in Bora, however, the General Statutes does not preclude public health and drinking water from the zoning regulations. General Statutes § 8.2(a) specifically provides that zoning regulations shall protect and promote public health and facilitate adequate provision for water. This section also requires that zoning regulations may be made with reasonable consideration for the protection of existing water supplies. Although the authority of zoning regulations over public health and water is not exclusive the statute certainly requires that these matters be addressed in zoning regulations.
Acting under the provisions of § 8.2(a), the Old Lyme Zoning Regulations provide in § 1.2 that the purpose of the regulations are to "promote public health and general welfare" and to facilitate adequate provisions for "water".
It was under this authority that health review was required for application to convert real property from seasonal to year round use. In CT Page 1411 so doing, the zoning agency involved could reasonably rely on the public health officer to review and report on the issue. It cannot be assumed, however, that the health officer's action would be conclusive. The Board, composed of laypersons, is entitled to technical and professional assistance regarding matters beyond its expertise. Spero v. Zoning Boardof Appeals, 217 Conn. 435, 443-445 (1991).
In plaintiffs' situation, in § 6 of the application to the zoning enforcement officer for conversion to year round use, the health officer indicated his approval. The lines for "well", "septic" and "housing ordinance" however, were all left blank. In the comment section, the health officer wrote "see letter from State Health Department dated Feb. 4, 1999." This letter from sanitary engineer, Scully, of the State Public Health Department to the Old Lyme building officer/health agent contained the following:
 "Local health department approval of a B100a compliance plan would include verification that a satisfactory water supply is available in accordance with PHC Section 19-13-B103e(a)(2). This section stipulates a public water supply must be available or there must be a satisfactory location for a water supply well complying with PHC Sections 19-13-B51a-m.
 The current water supply serving the dwelling is a shared well located on the nearby Tufveson property. It is my understanding the well also serves several other dwellings. I questioned whether the Tufveson well met the separating distance requirements of B51d. I expressed concern that the well may not currently be 75 feet from the Tufveson septic system and that any future septic system repair on the Tufveson property would most likely include a well exception request pursuant to PHC Section 19-13-B103d(a)(2)(3).
 Based on the above, Mr. Metcalf has indicated that there are several other water supply options available in the event they are ever needed. A location for siting a well on the Smith property may be available, although treatment may be needed if indicated that it may be feasible to connect to a nearby year round public water supply. Information and supporting documentation on the possible well location and/or the public water supply connection plan should be submitted to your office for review and approval. CT Page 1412 Either one of these options could be approved by you office in accordance with PHC Section 19-13-B103e(a)(2)"
The problems raised in Scully's letter in relation to plaintiff's water supply and their ability to connect to a year round public water supply were extensively discussed at the public hearing and at the meeting of the Board on September 27, 1999. Although no formal reasons were stated on the record for the Board's approval of the variance and the conditions attached, a review of the record indicates that the concerns expressed in Scully's letter were the basis for the requirement that plaintiffs connect to a public water supply.
One of the requirements for the granting of a variance is that the variance not affect substantially the comprehensive zoning plan. Grillov. Zoning Board of Appeals, supra, 206 Conn. 368. The comprehensive plan is found in the scheme of the zoning regulations themselves and the zoning map established pursuant to those regulations. Burnham v. Planning Zoning Commission, supra, 189 Conn. 267. Section 21.2.4(v) of the Old Lyme Zoning Regulations requires that year round dwellings constructed in the R-10 zone be served by a year round supply complying with all health department standards. The same requirement is found in § 21.2.5(v) of the regulations which covers the conversion of seasonal use dwellings to year round dwellings. It is apparent that the regulations, i.e. the comprehensive plan, envision that year round dwellings in the R-10 zone be connected to adequate year round water sources.
A review of the record discloses substantial evidence that if the variance were granted and year round occupancy allowed plaintiffs' residence would not be connected to a reliable year round water source. The condition attached to the variance requiring that plaintiffs connect to the public water system would resolve this problem and put the year round use in harmony with the comprehensive plan. Burlington v. Jenick, supra, 168 Conn. 510.
In must also be concluded that the condition requiring plaintiffs to connect with the public water supply is inextricably linked to the viability of the variance itself. Id. If the condition were found invalid then the validity of the variance would be in question. Bora v. ZoningBoard of Appeals, supra, 161 Conn. 302.
A review of the record discloses substantial evidence in support of the Board's attachment of the condition at issue to the variance and that in so doing the Board acted fairly for valid reasons and proper motives. Plaintiffs have failed to prove that the Board acted arbitrarily, illegally or in abuse of its statutory authority. Accordingly, judgment CT Page 1413 is entered sustaining the decision of the Board appealed from.
Joseph J. Purtill, Judge Trial Referee